APPEAL,JD1,NDISPO

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:22–cv–01343–SKC–TPO</u>

| | |
|---|---|
| Dominick et al v. City of Denver et al | Date Filed: 05/27/2022 |
| Assigned to: Judge S. Kato Crews | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Timothy P O'Hara | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Marquis Dominick**          represented by     **Casey Alexa Peel**
Ascend Counsel
2401 South Downing Street
Denver, CO 80201
303–888–4407
Email: <u>casey@ascendcounsel.co</u>
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
Ascend Counsel, LLC
2401 South Downing Street
Denver, CO 80210
303–888–4407
Fax: 303–292–1956
Email: <u>milo@ascendcounsel.co</u>
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Brett Rios**          represented by     **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Alex Hickman**          represented by     **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Tashari Sellers**          represented by     **Casey Alexa Peel**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raymond Schwab**                    represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jesse Friedman**                    represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan McKillips**                   represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Kehoe**                        represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adam Bentch**                       represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Koo**                              represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Isis Usborne**                              represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristen Klotzer**                           represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joe Szuszwalak**                            represented by  **Casey Alexa Peel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Denver**                            represented by  **Andres Alers**
*a municipal entity*                                         Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO 80202–5332
720–913–3136
Email: andres.alers@denvergov.org
*ATTORNEY TO BE NOTICED*

**Clayton Jeffrey Ankney**
Colorado Attorney General's Office

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720−508−6631
Email: clayton.ankney@coag.gov
*TERMINATED: 08/09/2023*

**Craig Lee Pankratz**
Utah Attorney General's Office
160 East 300 South
6th Floor
Salt Lake City, UT 84114−0856
801−366−0100
Email: cpankratz@agutah.gov
*TERMINATED: 04/25/2025*

**Geoffrey Charles Klingsporn**
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303−402−1600
Fax: 303−402−1601
Email: geoff.klingsporn@bhgrlaw.com
*TERMINATED: 12/29/2022*

**Katherine M. Field**
Colorado Department of Law
1300 Broadway
9th Floor
Denver, CO 80203
303−250−7027
Email: kate.field@denvergov.org
*TERMINATED: 12/14/2024*

**Kevin Patrick McCaffrey**
Hall & Evans LLC
1001 17th Street
Suite 300
Denver, CO 80202
303−293−3256
Email: mccaffreyk@hallevans.com
*TERMINATED: 05/30/2025*

**Kevin M. Sobczyk**
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO 80202−5332
720−913−8072
Email: kevin.sobczyk@denvergov.org
*ATTORNEY TO BE NOTICED*

**Defendant**

4

**Paul Pazen**                          represented by  **Clayton Jeffrey Ankney**
*Chief of Police, in his individual capacity*          (See above for address)
*TERMINATED: 09/07/2022*                                *TERMINATED: 08/09/2023*

                                                        **Geoffrey Charles Klingsporn**
                                                        (See above for address)
                                                        *TERMINATED: 12/29/2022*

                                                        **Kevin Patrick McCaffrey**
                                                        (See above for address)
                                                        *TERMINATED: 05/30/2025*

**Defendant**

**Patrick Phelan**                      represented by  **Andres Alers**
*in his individual capacity*                            (See above for address)
*other*                                                 *ATTORNEY TO BE NOTICED*
John & Jane Does 1–100 in their
individual capacities                                   **Clayton Jeffrey Ankney**
                                                        (See above for address)
                                                        *TERMINATED: 08/09/2023*

                                                        **Craig Lee Pankratz**
                                                        (See above for address)
                                                        *TERMINATED: 04/25/2025*

                                                        **Geoffrey Charles Klingsporn**
                                                        (See above for address)
                                                        *TERMINATED: 12/29/2022*

                                                        **Katherine M. Field**
                                                        (See above for address)
                                                        *TERMINATED: 12/14/2024*

                                                        **Kevin Patrick McCaffrey**
                                                        (See above for address)
                                                        *TERMINATED: 05/30/2025*

                                                        **Kevin M. Sobczyk**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2022 | 1 | COMPLAINT against City of Denver, John and Jane Does 1–100, Paul Pazen, Patrick Phelan (Filing fee $ 402,Receipt Number ACODC–8480408)Attorney Edward Milo Schwab added to party Adam Bentch(pty:pla), Attorney Edward Milo Schwab added to party Marquis Dominick(pty:pla), Attorney Edward Milo Schwab added to party Jesse Friedman(pty:pla), Attorney Edward Milo Schwab added to party Alex Hickman(pty:pla), Attorney Edward Milo Schwab added to party Ryan Kehoe(pty:pla), Attorney Edward Milo Schwab added to party Kristen Klotzer(pty:pla), Attorney Edward Milo Schwab added to party Patricia |

| | | |
|---|---|---|
| | | Koo(pty:pla), Attorney Edward Milo Schwab added to party Susan McKillips(pty:pla), Attorney Edward Milo Schwab added to party Brett Rios(pty:pla), Attorney Edward Milo Schwab added to party Raymond Schwab(pty:pla), Attorney Edward Milo Schwab added to party Tashari Sellers(pty:pla), Attorney Edward Milo Schwab added to party Joe Szuszwalak(pty:pla), Attorney Edward Milo Schwab added to party Isis Usborne(pty:pla), filed by Isis Usborne, Susan McKillips, Brett Rios, Marquis Dominick, Joe Szuszwalak, Jesse Friedman, Alex Hickman, Adam Bentch, Kristen Klotzer, Ryan Kehoe, Tashari Sellers, Patricia Koo, Raymond Schwab.(Schwab, Edward) (Entered: 05/27/2022) |
| 05/31/2022 | 2 | Case assigned to Chief Judge Philip A. Brimmer and drawn to Magistrate Judge N. Reid Neureiter. Text Only Entry (norlin, ) (Entered: 05/31/2022) |
| 05/31/2022 | 3 | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). No Summons Issued. (norlin, ) (Entered: 05/31/2022) |
| 05/31/2022 | 4 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter for **non–dispositive matters**. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, and (4) conduct a pretrial conference and enter a pretrial order. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding, by Chief Judge Philip A. Brimmer on 5/31/2022. Text Only Entry (pabsec, ) (Entered: 05/31/2022) |
| 05/31/2022 | 5 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE by Magistrate Judge N. Reid Neureiter on 31 May 2022. Proposed Scheduling Order due 8/31/2022. Scheduling Conference set for 9/7/2022 11:00 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. The Scheduling Conference will be conducted via telephone. The parties are directed to call the conference line as a participant at (888) 398–2342, Access Code 5755390# at the scheduled time. (cmadr, ) (Entered: 05/31/2022) |
| 06/24/2022 | 6 | NOTICE of Entry of Appearance by Geoffrey Charles Klingsporn on behalf of City of Denver, Paul Pazen, Patrick PhelanAttorney Geoffrey Charles Klingsporn added to party City of Denver(pty:dft), Attorney Geoffrey Charles Klingsporn added to party Paul Pazen(pty:dft), Attorney Geoffrey Charles Klingsporn added to party Patrick Phelan(pty:dft) (Klingsporn, Geoffrey) (Entered: 06/24/2022) |
| 06/24/2022 | 7 | NOTICE of Entry of Appearance by Clayton Jeffrey Ankney on behalf of All Defendants Attorney Clayton Jeffrey Ankney added to party City of Denver(pty:dft), Attorney Clayton Jeffrey Ankney added to party Paul Pazen(pty:dft), Attorney Clayton Jeffrey Ankney added to party Patrick Phelan(pty:dft) (Ankney, Clayton) (Entered: 06/24/2022) |
| 06/24/2022 | 8 | |

|  |  | WAIVER OF SERVICE Returned Executed by Isis Usborne, Susan McKillips, Brett Rios, Marquis Dominick, Joe Szuszwalak, Jesse Friedman, Alex Hickman, Adam Bentch, Kristen Klotzer, Ryan Kehoe, Tashari Sellers, Patricia Koo, Raymond Schwab. City of Denver waiver sent on 6/24/2022, answer due 8/23/2022. (Schwab, Edward) (Entered: 06/24/2022) |
|---|---|---|
| 06/24/2022 | 9 | WAIVER OF SERVICE Returned Executed by Isis Usborne, Susan McKillips, Brett Rios, Marquis Dominick, Joe Szuszwalak, Jesse Friedman, Alex Hickman, Adam Bentch, Kristen Klotzer, Ryan Kehoe, Tashari Sellers, Patricia Koo, Raymond Schwab. Paul Pazen waiver sent on 6/24/2022, answer due 8/23/2022. (Schwab, Edward) (Entered: 06/24/2022) |
| 06/24/2022 | 10 | WAIVER OF SERVICE Returned Executed by Isis Usborne, Susan McKillips, Brett Rios, Marquis Dominick, Joe Szuszwalak, Jesse Friedman, Alex Hickman, Adam Bentch, Kristen Klotzer, Ryan Kehoe, Tashari Sellers, Patricia Koo, Raymond Schwab. Patrick Phelan waiver sent on 6/24/2022, answer due 8/23/2022. (Schwab, Edward) (Entered: 06/24/2022) |
| 08/15/2022 | 11 | MOTION to Dismiss by Defendant City of Denver. (Ankney, Clayton) (Entered: 08/15/2022) |
| 08/15/2022 | 12 | MOTION to Dismiss by Defendants Paul Pazen, Patrick Phelan. (Ankney, Clayton) (Entered: 08/15/2022) |
| 08/31/2022 | 13 | Proposed Scheduling Order by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 08/31/2022) |
| 09/05/2022 | 14 | NOTICE of Voluntary Dismissal of Party *Paul Pazen* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne (Schwab, Edward) (Entered: 09/05/2022) |
| 09/05/2022 | 15 | MOTION to Amend/Correct/Modify 1 Complaint,,,, by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Attachments: # 1 Proposed Order (PDF Only))(Schwab, Edward) (Entered: 09/05/2022) |
| 09/05/2022 | 16 | NOTICE of Filing Amended Pleading re 1 Complaint,,,, by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne (Attachments: # 1 Exhibit)(Schwab, Edward) (Entered: 09/05/2022) |
| 09/06/2022 | 17 | MEMORANDUM regarding 15 MOTION to Amend/Correct/Modify 1 Complaint. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 9/06/2022. Text Only Entry (pabsec, ) (Entered: 09/06/2022) |
| 09/07/2022 | 18 | AMENDED COMPLAINT AND JURY DEMAND against The City and County of Denver, Patrick Phelan, and John & Jane Does 1–100 by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne (Attachments: # 1 Exhibit)(Schwab, Edward) Modified |

| | | |
|---|---|---|
| | | correct text entry on 9/9/2022 (rvill, ). (Entered: 09/07/2022) |
| 09/07/2022 | 19 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Scheduling Conference held on 9/7/2022. Plaintiffs' Unopposed Motion to Amend Case Caption (Dkt. # 15 ) is DENIED AS MOOT. Telephonic Status Conference set for 3/2/2023 at 11:00 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. The parties are directed to call the conference line as a participant at (888) 398–2342, Access Code 5755390# at the scheduled time. Discovery due by 6/30/2023. Dispositive Motions due by 8/14/2023. Final Pretrial Conference set for 9/26/2023 at 10:00 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. FTR: Courtroom C203. (rvill, ) Modified on 9/9/2022 correct FPC time. (rvill, ) (Entered: 09/09/2022) |
| 09/07/2022 | 20 | SCHEDULING ORDER by Magistrate Judge N. Reid Neureiter on September 7, 2022. (rvill, ) (Entered: 09/09/2022) |
| 09/07/2022 | | Paul Pazen (Chief of Police, in his individual capacity) terminated pursuant to 18 Amended Complaint and Jury Demand on 9/7/2022. Text Only Entry. (rvill, ) (Entered: 09/09/2022) |
| 09/14/2022 | 21 | MINUTE ORDER by Chief Judge Philip A. Brimmer on 09/14/2022, re: 11 Defendant Denver's Motion to Dismiss is **DENIED without prejudice as moot. ORDERED** that Defendants Paul Pazen and Patrick Phelan's Motion to Dismiss [Docket No. 12 ] is **DENIED without prejudice as moot.**(sapod, ) (Entered: 09/14/2022) |
| 09/14/2022 | 22 | MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Notice of Filing Amended Pleading, by Defendants City of Denver, Patrick Phelan. (Ankney, Clayton) (Entered: 09/14/2022) |
| 09/14/2022 | 23 | MEMORANDUM regarding 22 MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Notice of Filing Amended Pleading, filed by Patrick Phelan, City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 9/14/2022. Text Only Entry (pabsec, ) (Entered: 09/14/2022) |
| 09/14/2022 | 24 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 14 September 2022. It is hereby ORDERED that Defendants' Motion for Extension of Time to File Responsive Pleadings (Dkt. # 22 ) is GRANTED. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint and Jury Demand (Dkt. # 18 ) on or before October 5, 2022. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 09/14/2022) |
| 09/30/2022 | 25 | Second MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Notice of Filing Amended Pleading, by Defendants City of Denver, Patrick Phelan. (Ankney, Clayton) (Entered: 09/30/2022) |
| 09/30/2022 | 26 | MEMORANDUM regarding 25 Second MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Notice of Filing Amended Pleading, filed by Patrick Phelan, City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 9/30/2022. Text Only Entry (pabsec, ) (Entered: 09/30/2022) |
| 09/30/2022 | 27 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 30 September 2022. It is hereby ORDERED that Defendants' Second Motion for Extension of Time to File |

| | | |
|---|---|---|
| | | Responsive Pleadings (Dkt. # 25 ) is GRANTED. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint and Jury Demand (Dkt. # 18 ) on orbefore October 19, 2022. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 09/30/2022) |
| 10/19/2022 | 28 | MOTION to Dismiss for Failure to State a Claim by Defendant City of Denver. (Field, Katherine) (Entered: 10/19/2022) |
| 10/19/2022 | 29 | MOTION to Dismiss for Failure to State a Claim by Defendant Patrick Phelan. (Field, Katherine) (Entered: 10/19/2022) |
| 11/09/2022 | 30 | RESPONSE to 28 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schwab, Edward) (Entered: 11/09/2022) |
| 11/09/2022 | 31 | RESPONSE to 29 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 11/09/2022) |
| 11/18/2022 | 32 | Unopposed MOTION for Extension of Time to File Response/Reply as to 29 MOTION to Dismiss for Failure to State a Claim , 28 MOTION to Dismiss for Failure to State a Claim by Defendants City of Denver, Patrick Phelan. (Klingsporn, Geoffrey) (Entered: 11/18/2022) |
| 11/21/2022 | 33 | ORDER by Chief Judge Philip A. Brimmer on 11/21/2022 re: 32 Motion for Extension of Time to File Response/Reply is GRANTED. Defendants shall reply to 29 MOTION to Dismiss for Failure to State a Claim and 28 MOTION to Dismiss for Failure to State a Claim on or before **December 7, 2022**. Text Only Entry(pabsec, ) (Entered: 11/21/2022) |
| 11/23/2022 | 34 | Unopposed MOTION to Amend/Correct/Modify *Scheduling Order* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 11/23/2022) |
| 11/25/2022 | 35 | MEMORANDUM regarding 34 Unopposed MOTION to Amend/Correct/Modify *Scheduling Order* filed by Isis Usborne, Adam Bentch, Ryan Kehoe, Tashari Sellers, Alex Hickman, Kristen Klotzer, Susan McKillips, Brett Rios, Raymond Schwab, Jesse Friedman, Joe Szuszwalak, Patricia Koo, Marquis Dominick. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 11/25/2022. Text Only Entry (pabsec, ) (Entered: 11/25/2022) |
| 11/28/2022 | 36 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 28 November 2022. It is hereby ORDERED that Plaintiffs' Unopposed Motion to Amend Scheduling Order (Dkt. # 34 ) is GRANTED. The Scheduling Order (Dkt. # 20 ) is AMENDED to extend the deadline to join parties and amend the pleadings up to and including **January 13, 2022.** PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 11/28/2022) |
| 12/07/2022 | 37 | |

| | | |
|---|---|---|
| | | **STRICKEN** REPLY to Response to 28 MOTION to Dismiss for Failure to State a Claim filed by Defendant City of Denver. (Klingsporn, Geoffrey) Modified on 12/8/2022 (pabsec, ). (Entered: 12/07/2022) |
| 12/07/2022 | 38 | REPLY to Response to 29 MOTION to Dismiss for Failure to State a Claim filed by Defendant Patrick Phelan. (Klingsporn, Geoffrey) (Entered: 12/07/2022) |
| 12/08/2022 | 39 | MINUTE ORDER by Chief Judge Philip A. Brimmer on 12/8/2022 re: 37 Defendant Denver's Reply in Support of Motion to Dismiss is **STRICKEN** for failure to comply with the Court's practice standards, which state that "[r]eplies shall not exceed ten pages.... These page limitations include the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service." Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.A. Defendant City and County of Denver may file a complying reply on or before **December 9, 2022**. Text Only Entry (pabsec, ) (Entered: 12/08/2022) |
| 12/08/2022 | 40 | REPLY to Response to 28 MOTION to Dismiss for Failure to State a Claim *(Amended)* filed by Defendant City of Denver. (Klingsporn, Geoffrey) (Entered: 12/08/2022) |
| 12/28/2022 | 41 | MOTION to Withdraw as Attorney by Defendants City of Denver, Patrick Phelan. (Klingsporn, Geoffrey) (Entered: 12/28/2022) |
| 12/29/2022 | 42 | ORDER by Chief Judge Philip A. Brimmer on 12/29/2022 re: 41 Motion to Withdraw as Attorney is GRANTED. Attorney Geoffrey Charles Klingsporn is terminated from this case. Text Only Entry(pabsec, ) (Entered: 12/29/2022) |
| 03/02/2023 | 43 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Status Conference held on 3/2/2023,FTR: C–203. (cpomm, ) (Entered: 03/02/2023) |
| 04/14/2023 | 44 | MOTION to Amend/Correct/Modify 20 Scheduling Order by Defendants City of Denver, Patrick Phelan. (Field, Katherine) (Entered: 04/14/2023) |
| 04/14/2023 | 45 | MEMORANDUM regarding 44 MOTION to Amend/Correct/Modify 20 Scheduling Order filed by Patrick Phelan, City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 4/14/2023. Text Only Entry (pabsec, ) (Entered: 04/14/2023) |
| 04/17/2023 | 46 | NOTICE of Entry of Appearance by Kevin Patrick McCaffrey on behalf of City of Denver, Paul Pazen, Patrick PhelanAttorney Kevin Patrick McCaffrey added to party City of Denver(pty:dft), Attorney Kevin Patrick McCaffrey added to party Paul Pazen(pty:dft), Attorney Kevin Patrick McCaffrey added to party Patrick Phelan(pty:dft) (McCaffrey, Kevin) (Entered: 04/17/2023) |
| 04/18/2023 | 47 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 18 April 2023. This case is before the Court on Defendants' Opposed Motion to Amend Scheduling Order (Dkt. # 44 ). It is hereby ORDERED that a **Discovery Hearing is set for April 25, 2023 at 9:30 a.m.** Five minutes prior to the start of the hearings, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. Plaintiffs shall file a response to said motion on or before April 24, 2023. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 04/18/2023) |
| 04/20/2023 | 48 | MOTION to Continue *Discovery Hearing* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillups, Brett Rios, Raymond Schwab, Tashari Sellers, Joe |

| | | |
|---|---|---|
| | | Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 04/20/2023) |
| 04/20/2023 | 49 | MEMORANDUM regarding 48 MOTION to Continue *Discovery Hearing* filed by Isis Usborne, Adam Bentch, Ryan Kehoe, Tashari Sellers, Alex Hickman, Kristen Klotzer, Susan McKillips, Brett Rios, Raymond Schwab, Jesse Friedman, Joe Szuszwalak, Patricia Koo, Marquis Dominick. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 4/20/2023. Text Only Entry (pabsec, ) (Entered: 04/20/2023) |
| 04/20/2023 | 50 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 20 April 2023. It is hereby ORDERED that Plaintiff's Unopposed Motion to Continue and Reset Discovery Hearing (Dkt. # 48 ) is GRANTED. The Discovery Hearing set for April 25, 2023 at 9:30 a.m. is **VACATED and RESET to April 25, 2023 at 11:30 a.m.** Five minutes prior to the start of the hearings, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 04/20/2023) |
| 04/24/2023 | 51 | RESPONSE to 44 MOTION to Amend/Correct/Modify 20 Scheduling Order filed by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Schwab, Edward) (Entered: 04/24/2023) |
| 04/25/2023 | 52 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Discovery Hearing held on 4/25/2023: Defendants' Opposed Motion to Amend Scheduling Order (Dkt. # 44 ) is GRANTED. The telephonic Final Pretrial Conference set for September 26, 2023 at 10:00 a.m. before Magistrate Judge Neureiter is VACATED and RESET to November 2, 2023 at 10:00 a.m. in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. FTR: Courtroom C203. (rvill, ) (Entered: 04/25/2023) |
| 06/13/2023 | 53 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 13 June 2023. Due to a conflict on the Court's schedule, it is hereby ORDERED that the Status Conference set for June 22, 2023 at 10:00 a.m. is VACATED and **RESET to June 22, 2023 at 10:30 a.m.** Five minutes prior to the start of the hearings, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 06/13/2023) |
| 06/18/2023 | 54 | Joint MOTION for Extension of Time to *Disclose Rebuttal Experts* by Defendants City of Denver, Patrick Phelan. (Field, Katherine) (Entered: 06/18/2023) |
| 06/19/2023 | 55 | MEMORANDUM regarding 54 Joint MOTION for Extension of Time to *Disclose Rebuttal Experts* filed by Patrick Phelan, City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 6/19/2023. Text Only Entry (pabsec, ) (Entered: 06/19/2023) |
| 06/22/2023 | 56 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Status Conference held on 6/22/2023: Joint Motion to Modify Rebuttal Expert Disclosure Deadline (Dkt. # 54 ) is GRANTED. Rebuttal expert disclosures are due on or before July 28, 2023. A telephonic Discovery Hearing is set for July 10, 2023 at 2:00 p.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203. |

| | | |
|---|---|---|
| | | Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. FTR: Courtroom C203. (rvill, ) (Entered: 06/22/2023) |
| 06/26/2023 | 57 | Stipulated MOTION for Protective Order by Defendant City of Denver. (Attachments: # 1 Exhibit A – Stipulated Protective Order)(Field, Katherine) (Entered: 06/26/2023) |
| 06/26/2023 | 58 | MEMORANDUM regarding 57 Stipulated MOTION for Protective Order filed by City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 6/26/2023. Text Only Entry (pabsec, ) (Entered: 06/26/2023) |
| 06/27/2023 | 59 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 27 June 2023. It is hereby ORDERED that the parties' Stipulated Motion for Protective Order (Dkt. # 57 ) is GRANTED. The proposed Stipulated Protective Order (Dkt. #57–1) is APPROVED and made an Order of Court. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 06/27/2023) |
| 06/27/2023 | 60 | STIPULATED PROTECTIVE ORDER by Magistrate Judge N. Reid Neureiter on 27 June 2023. (cmadr, ) (Entered: 06/27/2023) |
| 07/07/2023 | 61 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 7 July 2023. Pursuant to the parties' communications with chambers, it is hereby ORDERED that the Discovery Hearing set for July 10, 2023 at 2:00 p.m. is VACATED. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 07/07/2023) |
| 08/09/2023 | 62 | MOTION to Withdraw as Attorney by Defendants City of Denver, Patrick Phelan. (Ankney, Clayton) (Entered: 08/09/2023) |
| 08/09/2023 | 63 | ORDER by Chief Judge Philip A. Brimmer on 8/09/2023 re: 62 Motion to Withdraw as Attorney is GRANTED. Attorney Clayton Jeffrey Ankney is terminated from this case. Text Only Entry(pabsec, ) (Entered: 08/09/2023) |
| 08/22/2023 | 64 | NOTICE of Entry of Appearance by Craig Lee Pankratz on behalf of City of Denver, Patrick PhelanAttorney Craig Lee Pankratz added to party City of Denver(pty:dft), Attorney Craig Lee Pankratz added to party Patrick Phelan(pty:dft) (Pankratz, Craig) (Entered: 08/22/2023) |
| 08/22/2023 | 65 | NOTICE of Entry of Appearance by Kevin M. Sobczyk on behalf of City of Denver, Patrick PhelanAttorney Kevin M. Sobczyk added to party City of Denver(pty:dft), Attorney Kevin M. Sobczyk added to party Patrick Phelan(pty:dft) (Sobczyk, Kevin) (Entered: 08/22/2023) |
| 09/11/2023 | 66 | Unopposed MOTION to Amend/Correct/Modify 52 Order on Motion to Amend/Correct/Modify,,, Discovery Hearing,, by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 09/11/2023) |
| 09/11/2023 | 67 | MEMORANDUM regarding 66 Unopposed MOTION to Amend/Correct/Modify 52 Order on Motion to Amend/Correct/Modify,,, Discovery Hearing,, filed by Patrick Phelan, City of Denver. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 9/11/2023. Text Only Entry (pabsec, ) (Entered: 09/11/2023) |
| 09/15/2023 | 68 | MINUTE ORDER entered by Magistrate Judge N. Reid Neureiter on 9/15/2023. Defendants' Unopposed Motion to Amend Scheduling Order to Extend Dispositive |

| | | |
|---|---|---|
| | | Motion Deadline to October 3, 2023 (Dkt. # 66 ) is GRANTED. The Scheduling Order (Dkt. # 20 ) is further AMENDED to extend the dispositive motion deadline up to and including **October 3, 2023**.(norlin, ) (Entered: 09/15/2023) |
| 10/02/2023 | 69 | Unopposed MOTION for Leave to File Excess Pages *for Defendants' Motion for Summary Judgment* by Defendants City of Denver, Patrick Phelan. (Pankratz, Craig) (Entered: 10/02/2023) |
| 10/02/2023 | 70 | ORDER by Chief Judge Philip A. Brimmer on 10/2/2023 re: 69 Defendants' Unopposed Motion to Exceed Page Limitations for Defendants' Motion for Summary Judgment is GRANTED. Defendants shall file a motion for summary judgment that shall not exceed **25 pages**. Text Only Entry(pabsec, ) (Entered: 10/02/2023) |
| 10/03/2023 | 71 | MOTION for Summary Judgment by Defendants City of Denver, Patrick Phelan. (Attachments: # 1 Exhibit A – Deposition of Phelan, # 2 Exhibit B – Phelan Trial Testimony, # 3 Exhibit C – Deposition of O'Donnell, # 4 Exhibit D – Deposition of Beall, # 5 Exhibit E – Deposition of Martinez, # 6 Exhibit F– Deposition of Carroll, # 7 Exhibit G – PROTEST–TRAINING–636–654 & 824–921, # 8 Exhibit H – PROTEST–POLICY–000170–196 Operations Manual, # 9 Exhibit I – Declaration of Edward Arnold, # 10 Exhibit J – 40mm Operation Course, # 11 Exhibit K – DEN32674–32676 Officer Injuries, # 12 Exhibit L – DEN32670–32673 DPD Injuries Table – Redacted, # 13 Exhibit M – DEN32701–32711 Summary Report for Injuries, # 14 Exhibit N – DEN5862 Emergency Curfew, # 15 Exhibit O – Extended Emergency Curfew, # 16 Exhibit P – Dominick Responses to Requests for Written Discovery, # 17 Exhibit Q – Deposition of Rios, # 18 Exhibit R – Deposition of Hickman, # 19 Exhibit S – Deposition of Sayers, # 20 Exhibit T – Deposition of Schwab, # 21 Exhibit U – Deposition of Friedman, # 22 Exhibit V – Deposition of McKillips, # 23 Exhibit W – Deposition of Kehoe, # 24 Exhibit X – Deposition of Bentch, # 25 Exhibit Y – Deposition of Koo, # 26 Exhibit Z – Deposition of Usborne, # 27 Exhibit AA – Deposition of Klotzer, # 28 Exhibit BB – Deposition of Szuszwalak, # 29 Exhibit CC – Sayers Responses to Requests for Discovery, # 30 Exhibit DD – Deposition of Arnold, # 31 Exhibit EE – Epps Class Action Settlement, # 32 Exhibit FF – Epps Class Action Settlement Exhibit A)(Pankratz, Craig) (Entered: 10/03/2023) |
| 10/09/2023 | 72 | Unopposed MOTION for Extension of Time to File Response/Reply as to 71 MOTION for Summary Judgment by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 10/09/2023) |
| 10/11/2023 | 73 | ORDER by Chief Judge Philip A. Brimmer on 10/11/2023 re: 72 Plaintiffs' Unopposed Motion for 10–Day Extension to Respond to Defendants' Motion for Summary Judge (ECF No. 71) is **GRANTED**. Plaintiffs shall respond to defendants 71 motion for summary judgment on or before **November 3, 2023**. Text Only Entry(pabsec, ) (Entered: 10/11/2023) |
| 10/17/2023 | 74 | Joint MOTION for Extension of Time to *File Joint Pretrial Order and Adjourn Final Pretrial Conference* by Defendant Patrick Phelan. (McCaffrey, Kevin) (Entered: 10/17/2023) |
| 10/17/2023 | 75 | MEMORANDUM regarding 74 Joint MOTION for Extension of Time to *File Joint Pretrial Order and Adjourn Final Pretrial Conference* filed by Patrick Phelan. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. |

| | | |
|---|---|---|
| | | Brimmer on 10/17/2023. Text Only Entry (pabsec, ) (Entered: 10/17/2023) |
| 10/18/2023 | 76 | MINUTE ORDER Entered by Magistrate Judge N. Reid Neureiter on 10/18/2023. The Joint Motion to Extend Time to File Joint Pretrial Order and Adjourn Final Pretrial Conference (Dkt. # 74 ) is GRANTED. The telephonic Final Pretrial Conference set for November 2, 2023 at 10:00 a.m. is VACATED and RESET to December 18, 2023 at 3:00 p.m. The proposed Final Pretrial Order is due on December 11, 2023. The parties are directed to call the conference line as a participant at (888) 398–2342, Access Code 5755390# at the scheduled time.(norlin, ) (Entered: 10/18/2023) |
| 10/27/2023 | 77 | Unopposed MOTION for Leave to File Excess Pages by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 10/27/2023) |
| 10/30/2023 | 78 | ORDER by Chief Judge Philip A. Brimmer on 10/30/2023 re: 77 Plaintiffs' Unopposed Motion Exceed Page Limit to Respond to Defendants' Motion is **GRANTED**. Text Only Entry.(jtorr, ) (Entered: 10/30/2023) |
| 11/04/2023 | 79 | RESPONSE to 71 MOTION for Summary Judgment filed by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 11/04/2023) |
| 11/05/2023 | 80 | Exhibit List *to Response to Motion for Summary Judgment* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Attachments: # 1 Exhibit 1 – Phelan Deposition Transcript, # 2 Exhibit 2 – Pazen Deposition Transcript, # 3 Exhibit 3 – Phelan Deposition Transcript, # 4 Exhibit 4 – Mitchell Epps Trial Testimony, # 5 Exhibit 5 – Porter Deposition Transcript, # 6 Exhibit 6 – Pine Deposition Transcript, # 7 Exhibit 7 – Sgt Marco Martinez Deposition Transcript Excerpts, # 8 Exhibit 8 – Sgt. Abeyta Deposition Transcript, # 9 Exhibit 9 – Phelan Epps Trial Testimony Transcript, # 10 Exhibit 10 – Phelan Epps Trial Testimony Transcript, # 11 Exhibit 12 – Lt. James Williams Deposition Transcript, # 12 Exhibit 14 – Report of Edward Maguire, # 13 Exhibit 15 – Parsons Deposition Transcript, # 14 Exhibit 16 – Epps Trial Transcript, Parsons, # 15 Exhibit 18 – Epps Verdict Form, # 16 Exhibit 19 – DPD Tech. Ryan Grothe Deposition (Rule 30(b)(6)), # 17 Exhibit 22 – DPD Tech. Ryan Grothe Deposition Transcript (Rule 30(b)(6)), # 18 Exhibit 23 – DPD Lt. Michael ODonnell Deposition Transcript, 10/15/21 (Rule 30(b)(6)), # 19 Exhibit 24 – Eberharter Deposition Transcript, # 20 Exhibit 26 – Edward Maguire Report, # 21 Exhibit 28 – Nicholas Mitchell Trial Testimony in Epps, et al. v. City and County of Denver, # 22 Exhibit 29 – Office of Independent Monitor Report on DPDs Response to GFP, # 23 Exhibit 30 – Michael ODonnell Rule 30(b)(6) Deposition, 10/15/21, # 24 Exhibit 32 – DPD Lt. Michael ODonnell Deposition Transcript, 10/15/21 (Rule 30(b)(6)), # 25 Exhibit 33 – Pazen Deposition Transcript, # 26 Exhibit 34 – Martinez Deposition Transcript, # 27 Exhibit 36 – DPD Tech. Ryan Grothe Deposition Transcript (Rule 30(b)(6)), # 28 Exhibit 37 – Martinez Deposition Transcript, # 29 Exhibit 38 – DPD Sgt. Erik Knutson Deposition Transcript (Rule 30(b)(6)), # 30 Exhibit 40 – Curfew emails, # 31 Exhibit 41 – Archer Deposition Transcript, # 32 Exhibit 42 – First Supplemental Discovery Responses – Dominick.docx, # 33 Exhibit 43 – Alex Hickman Deposition Transcript, # 34 Exhibit 44 – Tashari Sayers |

Deposition Transcript, # 35 Exhibit 45 – Jesse Friedman Deposition Transcript, # 36 Exhibit 46 – Isis Usborne Deposition Transcript, # 37 Exhibit 47 – Kristen Klotzer Deposition Transcript, # 38 Exhibit 49 – Curfew Settlement, # 39 Exhibit 50 – Curfew Class Certification, # 40 Exhibit 85 – Rick Beall Deposition Transcript, # 41 Exhibit 87 – Aaron Sanchez Trial Testimony Transcript, # 42 Exhibit 90 – Hans Levens Rule 30(b)(6) Deposition Transcript, 2023, # 43 Exhibit 91 – Epps MSJ motion, # 44 Exhibit 92 – Epps Order, # 45 Exhibit 93 – Stephen Redfearn Deposition Transcript, # 46 Exhibit 94 – James Williams Deposition Transcript, # 47 Exhibit 95 – Kevin Carroll Deposition Transcript, # 48 Exhibit 96 – Magen Dodge Deposition Transcript, # 49 Exhibit 97 – Bolton Deposition Transcript, # 50 Exhibit 98 – Cunningham Deposition Transcript, # 51 Exhibit 102 – Phelan Deposition Transcript, # 52 Exhibit 104 – Hans Levens Rule 30(b)(6) Deposition Transcript, 2023, # 53 Exhibit 105 – Amy Schneider Deposition Transcript, # 54 Exhibit 110 – Erik Knutson Rule 30(b)(6) Deposition Transcript, # 55 Exhibit 111 – Jesse Friedman Deposition Transcript Excerpt, # 56 Exhibit 112 – Adam Bentch Deposition Transcript Excerpt, # 57 Exhibit 113 – Ryan Kehoe Deposition Transcript Excerpt, # 58 Exhibit 114 – Kristen Klotzer Deposition Transcript Excerpt, # 59 Exhibit 115 – Patricia Koo Deposition Transcript Excerpt, # 60 Exhibit 116 – Patricia Koo Deposition Transcript Excerpt, # 61 Exhibit 117 – Tashari Sayers Deposition Transcript Excerpt, # 62 Exhibit 118 – Raymond Schwab Deposition Transcript Excerpt, # 63 Exhibit 119 – Joe Szuszwalak Deposition Transcript Excerpt, # 64 Exhibit 120 – Isis Usborne Deposition Transcript Excerpt, # 65 Exhibit 121 – Sylvia Sich Deposition Transcript, # 66 Exhibit 124 – Marco Martinez Deposition Transcript, # 67 Exhibit 125 – Richard Eberharter Deposition Transcript, # 68 Exhibit 126 – Nicholas Mitchell Trial Testimony Transcript in Epps, et al. v. City and County of Denver, 3/17/22, # 69 Exhibit 129 – Stephen Redfearn Deposition Transcript, # 70 Exhibit 130 – Richard Eberharter Deposition Transcript, # 71 Exhibit 131 – Arnold Deposition Transcript Excerpt, # 72 Exhibit 132 – Park Curfew Arrest Data, # 73 Exhibit 134 – Eberharter Deposition Transcript Excerpts, # 74 Exhibit 135 – Ryan Grothe Deposition Transcript Excerpts, # 75 Exhibit 136 – Nicholas Mitchell Trial Testimony in Epps, # 76 Exhibit 138 – Pazen Deposition Transcript, # 77 Exhibit 139 – Marco Martinez Deposition Transcript, # 78 Exhibit 140 – Phelan Deposition Transcript, # 79 Exhibit 141 – Erik Knutson Rule 30(b)(6) Deposition Transcript, # 80 Exhibit 142 – Phelan Deposition Transcript, # 81 Exhibit 143 – Vincent Porter Deposition Transcript, # 82 Exhibit 144 – Thomas Pine Deposition Transcript, # 83 Exhibit 145 – Patrick Phelan Trial Testimony in Epps, # 84 Exhibit 146 – Hans Levens Rule 30(b)(6) Deposition Transcript, 2021, # 85 Exhibit 148 – OIM Third Quarter 2012 Report, # 86 Exhibit 149 – OIM 2014 Annual Report ; OIM 2015 Policy Highlight; OIM 2017 Semiannual Report,, # 87 Exhibit 150 – DPD emails regarding use of force/officer statements (DEN 11380–84), # 88 Exhibit 151 – Pazen Deposition Transcript, # 89 Exhibit 152 – DPD Metro/SWAT Sgt. Marco Martinez Deposition Transcript, # 90 Exhibit 153 – Kevin Carroll Deposition Transcript, # 91 Exhibit 154 – DPD Cmdr. Patrick Phelan Deposition Transcript, # 92 Exhibit 155 – Ronald Thomas Rule 30(b)(6) Deposition Transcript, # 93 Exhibit 156 – DPD Sgt. David Abeyta Deposition Transcript, # 94 Exhibit 158 – DPD Lt. James D. Williams Deposition Transcript, # 95 Exhibit 159 – Nicholas Mitchell Trial Testimony Transcript in Epps, # 96 Exhibit 160 – Chief Ronald Thomas 5/26/23 Deposition Excerpts, # 97 Exhibit 162 – APD Capt. Stephen Redfearn Deposition Transcript, # 98 Exhibit 163 – Commander Hans Levens 7/27/2023 Deposition Transcript Excerpts, # 99 Exhibit 164 – DPD emails (DEN007004), # 100 Exhibit 165 – Patrick Shaker Deposition Transcript, # 101 Exhibit 167 – Patrick Phelan Trial Testimony in Epps, et al. v. City and County of

| | | |
|---|---|---|
| | | Denver, 3/15, # 102 Exhibit 168 – Michael ODonnell Rule 30(b)(6) Deposition Transcript, # 103 Exhibit 170 – Commander Hans Levens Deposition Transcript 11/5/2021 Excerpts, # 104 Exhibit 172 – Stephen Redfearn Deposition Transcript, # 105 Exhibit 173 – Sergeant Knutson Trial Testimony Transcript, # 106 Exhibit 174 – Commander Phelan Deposition Transcript, # 107 Exhibit Notice of Conventionally Submitted Materials)(Schwab, Edward) (Entered: 11/05/2023) |
| 11/05/2023 | 81 | RESTRICTED DOCUMENT – Level 1: Exhibits to 79 Response to 71 Motion for Summary Judgment by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne.. (Attachments: # 1 Exhibit 11 – Coppedge OIM Memo Filed Under Seal, # 2 Exhibit 17 – Officer injury report Filed Under Seal, # 3 Exhibit 21 – Coppedge OIM Memo Filed Under Seal, # 4 Exhibit 25 – Knutson OIM Memo Filed Under Seal, # 5 Exhibit 39 – Curfew texts Filed Under Seal, # 6 Exhibit 103 – DPD Crowd Management Manual Filed Under Seal, # 7 Exhibit 106 – Sylvia Sich OIM memo Filed Under Seal, # 8 Exhibit 107 – Erik Knutson OIM Memo Filed Under Seal, # 9 Exhibit 128 – Lt. Mike ODonnell Interview Memo Filed Under Seal, # 10 Exhibit 133 – Coppedge OIM Memo Filed Under Seal, # 11 Exhibit 137 – Sgt. Erik Knutson Interview Memo Filed Under Seal, # 12 Exhibit 171 – Lt. Mike ODonnell Interview Memo Filed Under Seal)(Schwab, Edward) Modified to add document title and linkage on 11/6/2023 (jtorr, ). (Entered: 11/05/2023) |
| 11/07/2023 | 82 | ERRATA *to Response to Motion for Summary Judgment* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Attachments: # 1 Exhibit Corrected Response to Motion for Summary Judgment)(Schwab, Edward) (Entered: 11/07/2023) |
| 11/08/2023 | 83 | Conventionally Submitted Material: One Flash Drive to 79 Response to Motion by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. Location of stored items: Clerk's Office Oversized Area A–7–8. Text Only Entry. (jtorr, ) (Entered: 11/13/2023) |
| 11/16/2023 | 84 | Unopposed MOTION for Extension of Time to File Response/Reply as to 71 MOTION for Summary Judgment by Defendants City of Denver, Patrick Phelan. (Pankratz, Craig) (Entered: 11/16/2023) |
| 11/16/2023 | 85 | ORDER by Chief Judge Philip A. Brimmer on 11/16/2023 re: 84 Unopposed Motion for Extension of Time to File Reply to Plaintiffs' Response to Motion for Summary Judgment is GRANTED. Defendants shall file their reply on or before **December 1, 2023**. Text Only Entry(pabsec, ) (Entered: 11/16/2023) |
| 12/01/2023 | 86 | REPLY to Response to 71 MOTION for Summary Judgment filed by Defendants City of Denver, Patrick Phelan. (Pankratz, Craig) (Entered: 12/01/2023) |
| 12/07/2023 | 87 | Joint MOTION to Vacate *Final Pretrial Conference* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 12/07/2023) |
| 12/08/2023 | 88 | MEMORANDUM regarding 87 Joint MOTION to Vacate *Final Pretrial Conference* filed by Isis Usborne, Adam Bentch, Ryan Kehoe, Tashari Sellers, Alex Hickman, |

| | | |
|---|---|---|
| | | Kristen Klotzer, Susan McKillips, Brett Rios, Raymond Schwab, Jesse Friedman, Joe Szuszwalak, Patricia Koo, Marquis Dominick. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 12/08/2023. Text Only Entry (pabsec, ) (Entered: 12/08/2023) |
| 12/11/2023 | 89 | MINUTE ORDER Entered by Magistrate Judge N. Reid Neureiter on 12/11/2023.The Joint Motion to Vacate the Final Pretrial Conference (Dkt. # 87 ) is GRANTED as follows. The telephonic Final Pretrial Conference set for December 18, 2023 at 3:00 p.m. is VACATED and RESET to December 18, 2023 at 4:15 p.m. as a telephonic Status Conference. The parties are relieved of their obligation to file a proposed Final Pretrial Order.(norlin, ) (Entered: 12/11/2023) |
| 12/18/2023 | 90 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Status Conference held on 12/18/2023: Proposed Pretrial Order due by 2/5/2024. Telephonic Final Pretrial Conference set for 2/7/2024 at 1:00 PM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398–2342, Access Code 5755390# to participate. FTR: Courtroom C203. (rvill, ) (Entered: 12/19/2023) |
| 01/19/2024 | 91 | REASSIGNING JUDGE. This action is reassigned to Judge S. Kato Crews upon his appointment as United States District Judge. Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained. Judge Crews is located in Courtroom C201 in the Byron G. Rogers United States Courthouse and his chambers is in C–250. His telephone number is (303) 335– 2117. All future pleadings should be designated as 22–cv–01343–SKC–NRN. (Text Only Entry) (jdyne, ) (Entered: 01/19/2024) |
| 01/22/2024 | 92 | MINUTE ORDER It is this Court's practice to hold a final pretrial conference after all dispositive motions have been ruled on. The final pretrial conference set for 2/7/204 is VACATED and will be reset as necessary after a ruling is made on the currently pending dispositive motions. SO ORDERED by U.S. District Judge S. Kato Crews on 1/22/2024. Text Only Entry (skcja, ) (Entered: 01/22/2024) |
| 04/30/2024 | 93 | MINUTE ORDER: In light of the reassignment of this case from Judge Brimmer to Judge Crews (Dkt. 91 ), the Court ORDERS the following: (1) The parties shall review Judge Crews' Uniform Civil Practice Standards and his Standing Order for Civil Cases (Standing Order). (2) The parties shall work together and file, on or before 5/21/2024, a separate Statement of Undisputed Material Facts, as set forth in Standing Order § C.4.c. While the normal process is for the parties to create this document in a back–and–forth process, because the parties have already submitted their material facts in their briefing, the Court instead directs them to re–format those material facts into the three–column chart format required by the Standing Order and provide one finished product by the above deadline. The parties shall re–format their facts so that each line of the chart contains only a single fact as required by the Standing Order. There should be no new facts in the chart. The parties should provide pin citations for each fact (e.g., page and line designations for transcript citations). Standing Order § C.4.c.4. Because this case was reassigned to this Judge, in this instance, the limitation in the Standing Order on the number of facts is amended to the number of individual facts already recited in the Motion briefing. |

| | | |
|---|---|---|
| | | (3) The page limitations on the Motion briefing previously ordered by the Court (Dkts. 70 , 78 ) are adopted.<br><br>(4) No additional or resubmitted arguments are permitted. The parties have already submitted their respective arguments.<br><br>SO ORDERED by U.S. District Judge S. Kato Crews on 4/30/2024. Text Only Entry (skclc3) (Entered: 04/30/2024) |
| 05/21/2024 | 94 | STATEMENT re 79 Response to Motion, 71 MOTION for Summary Judgment , 86 Reply to Response to Motion, 92 Minute Order, *Statement of Undisputed Material Facts* by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 05/21/2024) |
| 09/18/2024 | 95 | Minute Order: Defendants filed their 71 Motion for Summary Judgment (MSJ) seeking summary judgment on all claims. The Court therefore DENIES AS MOOT Defendant City and Count of Denver's 28 Motion to Dismiss and Defendant Phelan's 29 Motion to Dismiss.<br><br>Concerning the MSJ, the parties originally filed and briefed the MSJ when this case was assigned to a different judicial officer. The case was reassigned to the undersigned upon his appointment as United States District Judge. The Court then ordered the parties to reformat their statements of undisputed material facts to comply with its Standing Order for Civil Cases (Dkt. 93 ), which they attempted to do (Dkt. 94 "Statement").<br><br>The Court reviewed the Statement and was disappointed to see that the parties did not follow the requirements of the Standing Order or the Court's 93 Order. For example, the Order required "page and line designations for transcript citations." Also, Plaintiffs' response column frequently fails to address why they object to a particular proposed fact, and instead provides additional, unrelated facts. And Plaintiffs cut–and–paste the same additional, unrelated facts in response to multiple proposed facts. But on the other hand, in response to Plaintiffs' additional proposed facts set forth below Defendants' proposed facts, Defendants simply replied to each stating, "Defendants admit that these facts are disputed." The Standing Order, however, has a very simple requirement—for each fact proposed, the opposing party is to state that it is either "disputed" or "undisputed." Defendants failed to do so. And they failed to provide any record citations (let alone in the form required) to support their cryptic response.<br><br>The purpose of the Court's required format is to aid the Court in analyzing the parties' competing positions and to help the parties recognize where the real dispute(s) lie. The Statement fails to do so, and the Court will not undertake the parties' work for them. Consequently, the Court DENIES WITHOUT PREJUDICE the MSJ.<br><br>The Court FURTHER SETS an in–person Status Conference for October 18, 2024, at 10:00 A.M. in Courtroom C201 before Judge S. Kato Crews to discuss more fully with the parties the Court's Standing Order and its expectations concerning the parties' completion of the chart regarding the undisputed material facts. Defendants may renew their MSJ only after the Status Conference has been held. |

| | | SO ORDERED by Judge S. Kato Crews on 9/18/2024. Text Only Entry (skclc3) (Entered: 09/18/2024) |
|---|---|---|
| 10/01/2024 | 96 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond by Defendants City of Denver, Patrick Phelan. (Sobczyk, Kevin) (Entered: 10/01/2024) |
| 10/02/2024 | 97 | ORDER granting 96 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond. For good cause, Patrick Phelan and the City of Denver are granted an extension of up to and including 10/28/2024 to respond to the operative complaint. By Judge S. Kato Crews on 10/2/2024. Text Only Entry(skcja, ) (Entered: 10/02/2024) |
| 10/02/2024 | 98 | MOTION for Reconsideration re 95 Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Summary Judgment,,,,,,,,,, *of Denial of Motions to Dismiss as Moot* by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 10/02/2024) |
| 10/15/2024 | 99 | ORDER Due to an unforeseen conflict on the Court's calendar, the Status Conference set for 10/18/2024 is RESET for 10/24/2024 10:00 AM in Courtroom C201 before Judge S. Kato Crews. If this new setting does not work for counsel, they shall confer and email chambers with proposed dates and times. By Judge S. Kato Crews on 10/15/2024. Text Only Entry (skcja, ) (Entered: 10/15/2024) |
| 10/16/2024 | 100 | REASSIGNING MAGISTRATE JUDGE. This action is reassigned to Magistrate Judge Timothy P. O'Hara upon his appointment. All future pleadings should reference Magistrate Judge O'Hara at the end of the civil action number (such as 22–cv–01343–SKC–TPO). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge O'Hara in Courtroom C–402. His chambers are located in Room C–452 of the Byron G. Rogers Courthouse. His telephone number is 303–335–2740. (Text only entry) (cmadr, ) (Entered: 10/16/2024) |
| 10/23/2024 | 101 | RESPONSE to 98 MOTION for Reconsideration re 95 Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,,,,,, Order on Motion for Summary Judgment,,,,,,,,, *of Denial of Motions to Dismiss as Moot* filed by Plaintiffs Adam Bentch, Marquis Dominick, Jesse Friedman, Alex Hickman, Ryan Kehoe, Kristen Klotzer, Patricia Koo, Susan McKillips, Brett Rios, Raymond Schwab, Tashari Sellers, Joe Szuszwalak, Isis Usborne. (Schwab, Edward) (Entered: 10/23/2024) |
| 10/24/2024 | 102 | NOTICE of Entry of Appearance by Casey Alexa Peel on behalf of All Plaintiffs Attorney Casey Alexa Peel added to party Adam Bentch(pty:pla), Attorney Casey Alexa Peel added to party Marquis Dominick(pty:pla), Attorney Casey Alexa Peel added to party Jesse Friedman(pty:pla), Attorney Casey Alexa Peel added to party Alex Hickman(pty:pla), Attorney Casey Alexa Peel added to party Ryan Kehoe(pty:pla), Attorney Casey Alexa Peel added to party Kristen Klotzer(pty:pla), Attorney Casey Alexa Peel added to party Patricia Koo(pty:pla), Attorney Casey Alexa Peel added to party Susan McKillips(pty:pla), Attorney Casey Alexa Peel added to party Brett Rios(pty:pla), Attorney Casey Alexa Peel added to party Raymond Schwab(pty:pla), Attorney Casey Alexa Peel added to party Tashari Sellers(pty:pla), Attorney Casey Alexa Peel added to party Joe Szuszwalak(pty:pla), Attorney Casey Alexa Peel added to party Isis Usborne(pty:pla) (Peel, Casey) (Entered: 10/24/2024) |
| 10/24/2024 | 103 | |

| | | |
|---|---|---|
| | | COURTROOM MINUTES for proceedings held before Judge S. Kato Crews: Status Conference held on 10/24/2024. Counsel shall confer and complete the Chart of Undisputed Facts as set forth in the Courtroom Minutes and file the completed chart by 11/21/2024. A hearing to discuss the completed Chart of Undisputed Facts is set for 12/9/2024 at 11:00 AM and will take place either informally in chambers or on the record in Courtroom C201 before Judge S. Kato Crews. 98 Motion for Reconsideration is denied. Defendants' answer is now due by 11/4/2024. Court Reporter: Mary George. (cpear) (Entered: 10/24/2024) |
| 11/04/2024 | 104 | ANSWER to Complaint by City of Denver, Patrick Phelan.(McCaffrey, Kevin) (Entered: 11/04/2024) |
| 11/20/2024 | 105 | MOTION for Extension of Time to *FILE SUMMARY JUDGMENT CHART* by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 11/20/2024) |
| 11/20/2024 | 106 | ORDER granting 105 Motion for Extension of Time to File. The deadline to file the Summary Judgment Chart is extended and now due or or before 12/3/2024. By Judge S. Kato Crews on 11/20/2024. Text Only Entry(skcja, ) (Entered: 11/20/2024) |
| 11/27/2024 | 107 | MOTION for Leave to *File Additional Paragraphs* by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 11/27/2024) |
| 12/02/2024 | 108 | ORDER granting 107 Defendants' Motion to Submit Additional Paragraphs of Undisputed Facts. Defendants may submit up to 126 separately numbered statements of undisputed facts.<br><br>SO ORDERED by Judge S. Kato Crews on 12/2/2024. Text Only Entry (skclc3) (Entered: 12/02/2024) |
| 12/03/2024 | 109 | STATEMENT *of undisputed material facts* by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 12/03/2024) |
| 12/09/2024 | 110 | COURTROOM MINUTES for proceedings held before Judge S. Kato Crews: Status Conference held on 12/9/2024. Dispositive Motions due by 1/13/2025. Court Reporter: Mary George. (cpear) (Entered: 12/09/2024) |
| 12/13/2024 | 111 | MOTION to Withdraw as Attorney by Defendants City of Denver, Patrick Phelan. (Field, Katherine) (Entered: 12/13/2024) |
| 12/14/2024 | 112 | ORDER granting 111 Motion to Withdraw as Attorney. For good cause, Attorney Katherine M. Field is permitted to withdraw as counsel for the Denver Defendants and electronic notifications will be turned off. By Judge S. Kato Crews on 12/14/2024. Text Only Entry(skcja, ) (Entered: 12/14/2024) |
| 01/13/2025 | 113 | MOTION for Summary Judgment by Defendants City of Denver, Patrick Phelan. (Attachments: # 1 Exhibit Defendants' SUMF, # 2 Conventionally Submitted Notice of Conventionally Submitted Exhibits, # 3 Exhibit Ex. A – DPD Operations (Ops) Manual, # 4 Exhibit Ex. AA – 6.01.20 Extended Emergency Curfew, # 5 Exhibit Ex. AAA – PROTEST–STATEMENTS–053120–000089–90, # 6 Exhibit Ex. AAAAA – Class Action Settlement Agreement, # 7 Exhibit Ex. B – Knutson Epps v. City and County of Denver (Denver) Deposition, # 8 Exhibit Ex. BB – Eberharter Driscoll v. Denver Deposition, # 9 Exhibit Ex. BBBB – PROTEST–CAD–05.28.20–000001 & 000011–013, # 10 Exhibit Ex. BBBBB – Class Action Settlement Agreement, Exhibit A, # 11 Exhibit Ex. C – Declaration of Patrick Phelan, # 12 Exhibit Ex. CC – |

Dominick Deposition, # 13 Exhibit Ex. CCC –
PROTEST–STATEMENTS–053120–000209–210, # 14 Exhibit Ex. D – Crowd
Management Manual (CMM) PROTEST–TRAINING–655–698, # 15 Exhibit Ex.
DD – Dominick First Supplemental Discovery Responses, # 16 Exhibit Ex. E –
Declaration of Patrick Phelan, # 17 Exhibit Ex. EE – 5.29.20 Ops Plan, # 18 Exhibit
Ex. EEE – Kehoe Deposition, # 19 Exhibit Ex. EEEE – Szuszwalak Deposition, # 20
Exhibit Ex. F – O.C. Pepper Spray Course, # 21 Exhibit Ex. FF – Rios First
Supplemental Discovery Responses, # 22 Exhibit Ex. G – 40mm Operator Course, #
23 Exhibit Ex. GG – Hickman Deposition, # 24 Exhibit Ex. H – First Amendment
Training Bulletin (Aug. 2018), # 25 Exhibit Ex. HH – Business damage Monks, # 26
Exhibit Ex. HHH – Bentch Discovery Response, # 27 Exhibit Ex. I – First
Amendment Update Training Bulletin (Jun. 2019), # 28 Exhibit Ex. II – Sayers
Deposition, # 29 Exhibit Ex. III – Koo Discovery Response, # 30 Exhibit Ex. IIII –
Usborne Discovery Response, # 31 Exhibit Ex. J – Phelan Epps v. Denver Trial
Testimony (03.15.2022), # 32 Exhibit Ex. JJ – Sayers Discovery Response, # 33
Exhibit Ex. K – Pazen BLM v. Denver Deposition, # 34 Exhibit Ex. KK – Arnold
Dominick v. Denver Deposition, # 35 Exhibit Ex. KKK Klotzer Discovery Response,
# 36 Exhibit Ex. L – ODonnell Driscoll v. Denver Deposition, # 37 Exhibit Ex. LL –
Schwab First Supplemental Discovery Responses, # 38 Exhibit Ex. LLL – Friedman
Deposition, # 39 Exhibit Ex. M – Declaration of Christopher Valderrama, # 40
Exhibit Ex. MM – Business damage Saki, # 41 Exhibit Ex. NN – Friedman
Discovery Response, # 42 Exhibit Ex. NNN – Klotzer Deposition, # 43 Exhibit Ex. O
– Recruit CMM Training & Attendance Records, # 44 Exhibit Ex. OO –
PROTEST–STATEMENTS–052820–000001–2, # 45 Exhibit Ex. OOO –
Szuszwalak Discovery Response, # 46 Exhibit Ex. P – Hyatt Driscoll v. Denver
Deposition, # 47 Exhibit Ex. PP – PROTEST–STATEMENTS–052820–000260, #
48 Exhibit Ex. PPP – McKillips Deposition, # 49 Exhibit Ex. Q – Chart of Officer
Injuries, # 50 Exhibit Ex. QQ – PROTEST–STATEMENTS–052820–000008–9, #
51 Exhibit Ex. QQQ – Knutson Dominick, et al. v. Denver Deposition, # 52 Exhibit
Ex. R – PepperBall Operator Course, # 53 Exhibit Ex. RR – Declaration of Rick
Eberharter, # 54 Exhibit Ex. RRR – Denver Post – Denver businesses assess
vandalism, looting costs after protests_May 30, 2020, # 55 Exhibit Ex. S – Table of
Officer Injuries, # 56 Exhibit Ex. SS – McKillips First Supplemental Discovery
Response, # 57 Exhibit Ex. SSS – Denver Post – Denver's George Floyd protests cost
at least $5.5 million in damage, overtime_6–26–2020, # 58 Exhibit Ex. T – Williams
Driscoll v. Denver Deposition, # 59 Exhibit Ex. TT – Declaration of Adam Bolton, #
60 Exhibit Ex. UU – Declaration of Frank Kerber, # 61 Exhibit Ex. UUU –
PROTEST–STATEMENTS–053020–000263–264, # 62 Exhibit Ex. V – Phelan
BLM v. Denver Deposition, # 63 Exhibit Ex. VV – Declaration of Levens, # 64
Exhibit Ex. VVV – Bentch Deposition, # 65 Exhibit Ex. VVVV –
PROTEST–CAD–05.29.20–000001 & 000004–007, # 66 Exhibit Ex. W – 5.31.20
Operations Plan, # 67 Exhibit Ex. WW –
PROTEST–STATEMENTS–053020–000006–7, # 68 Exhibit Ex. WWW – Koo
Deposition, # 69 Exhibit Ex. WWWW PROTEST–CAD–05.30.20–000001 &
000007–008, # 70 Exhibit Ex. X – 5.30.20 Operations Plan, # 71 Exhibit Ex. XX –
PROTEST–STATEMENTS–052920–000097–98, # 72 Exhibit Ex. XXX –
Declaration of Gregory Montanez, # 73 Exhibit Ex. XXXX
PROTEST–CAD–05.31.20–000001 & 000004–005, # 74 Exhibit Ex. Y – 6.01.20
Operations Plan, # 75 Exhibit Ex. YYY –
PROTEST–STATEMENTS–052820–0000162, # 76 Exhibit Ex. YYYY
PROTEST–CAD–06.01.20–000001 & 000005–006, # 77 Exhibit Ex. Z – 5.30.20
Curfew Order, # 78 Exhibit Ex. ZZ – Protest Damage BID Summary, # 79 Exhibit

| | | |
|---|---|---|
| | | Ex. ZZZ – Usborne Deposition, # <u>80</u> Exhibit Ex. ZZZZ PROTEST–STATEMENTS–052920–000030, # <u>81</u> Exhibit EXHIBIT LIST)(McCaffrey, Kevin) (Entered: 01/13/2025) |
| 01/13/2025 | <u>114</u> | MOTION for Partial Summary Judgment by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Appendix MSJ Statement of Undisputed Material Facts, # <u>2</u> Exhibit 1 – Epps Verdict, # <u>3</u> Exhibit 2 – Epps Amended Judgment, # <u>4</u> Exhibit 3 – Fitouri Complaint, # <u>5</u> Exhibit 4 – Epps Complaint, # <u>6</u> Exhibit 5 – Epps Jury Instructions, # <u>7</u> Exhibit 6 – Epps Trial Transcript, # <u>8</u> Exhibit 7 – Cousik Order)(Schwab, Edward) (Entered: 01/13/2025) |
| 01/14/2025 | 115 | Conventionally Submitted Material: USB Drive Exhibits to <u>113</u> MOTION for Summary Judgment by Defendants City of Denver, Patrick Phelan. Material placed in the oversized area A–2–9 of the Clerk's Office. Text Only Entry (amona,) (Entered: 01/15/2025) |
| 02/03/2025 | <u>116</u> | RESPONSE to <u>113</u> MOTION for Summary Judgment filed by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit Statement of Facts)(Schwab, Edward) (Entered: 02/03/2025) |
| 02/03/2025 | <u>117</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 1 – Phelan Depo excerpt, # <u>2</u> Exhibit 2 – Pazen Depo excerpt, # <u>3</u> Exhibit 3 – Phelan Depo excerpt, # <u>4</u> Exhibit 4– Mitchell Epps Trial Testimony excerpt, # <u>5</u> Exhibit 5 – Porter Depo excerpt, # <u>6</u> Exhibit 6 – Pine Depo excerpt, # <u>7</u> Exhibit 7 – Martinez Depo excerpt, # <u>8</u> Exhibit 8 – Abeyta Depo excerpt, # <u>9</u> Exhibit 9 – Phelan Epps Trial Testimony excerpt, # <u>10</u> Exhibit 10 –– Phelan Epps Trial Testimony excerpt)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>118</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 12 – Williams Depo Transcript, # <u>2</u> Exhibit 14 – Maguire Expert Report, # <u>3</u> Exhibit 15 – Parson Depo Transcript, # <u>4</u> Exhibit 16 – Parson Trial Transcript, # <u>5</u> Exhibit 18 – Epps Verdict Form, # <u>6</u> Exhibit 19 – Grothe Depo Transcript, # <u>7</u> Exhibit 22 – Grothe Depo Transcript, # <u>8</u> Exhibit 23 – O'Donnell Depo Transcript, # <u>9</u> Exhibit 24 – Eberharter Depo Transcript, # <u>10</u> Exhibit 26 – Maguire Report)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>119</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 28 – Mitchell Trial Testimony, # <u>2</u> Exhibit 29 – OIM Report, # <u>3</u> Exhibit 30 – O'Donnell Depo Transcript, # <u>4</u> Exhibit 32 – O'Donnell Depo Transcript, # <u>5</u> Exhibit 33 – Pazen Depo Transcript, # <u>6</u> Exhibit 34 – Martinez Depo Transcript, # <u>7</u> Exhibit 36 – Grothe Depo Transcript, # <u>8</u> Exhibit 37 – Martinez Depo Transcript, # <u>9</u> Exhibit 38 – Knuton Depo Transcript, # <u>10</u> |

| | | |
|---|---|---|
| | | Exhibit 40 – Curfew emails, # 11 Exhibit 41 – Archer Depo Transcript, # 12 Exhibit 42 – Dominick Discovery Responses, # 13 Exhibit 43 – Hickman Depo Transcript, # 14 Exhibit 44 – Sayers Depo Transcript, # 15 Exhibit 45 – Friedman Depo Transcript, # 16 Exhibit 46 – Usborne Depo Transcript, # 17 Exhibit 47 – Klotzer Depo Transcript, # 18 Exhibit 49 – Curfew Settlement, # 19 Exhibit 50 – Curfew Class Certification, # 20 Exhibit 85 – Beall Depo Transcript, # 21 Exhibit 87 – Sanchez Depo Transcript, # 22 Exhibit 90 – Levens Depo Transcript, # 23 Exhibit 91 – Epp MSJ Motion, # 24 Exhibit 92 – Epps Order, # 25 Exhibit 93 – Redfearn Depo Transcript, # 26 Exhibit 94 – Williams Depo Transcript, # 27 Exhibit 95 – Carroll Depo Transcript, # 28 Exhibit 96 – Dodge Depo Transcript, # 29 Exhibit 97 – Bolton Depo Transcript, # 30 Exhibit 98 – Cunningham Depo Transcript)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | 120 | Exhibits in Support of 116 Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # 1 Exhibit 102 – Phelan Depo Transcript, # 2 Exhibit 104 – Levens Depo Transcript, # 3 Exhibit 105 – Schneider Depo Transctipt, # 4 Exhibit 110– Knutson Depo Transctipt, # 5 Exhibit 111 – Friedman Depo Transctipt, # 6 Exhibit 112 – Bentch Depo Transctipt, # 7 Exhibit 113 – Kehoe Depo Transctipt, # 8 Exhibit 114 – Klotzer Depo Transctipt, # 9 Exhibit 115 – Koo Depo Transctipt, # 10 Exhibit 116 – Rios Depo Transctipt, # 11 Exhibit 117 – Sayers Depo Transctipt, # 12 Exhibit 118 – Schwab Depo Transctipt, # 13 Exhibit 119 – Szuszwalak Depo Transctipt, # 14 Exhibit 120 – Usborne Depo Transctipt, # 15 Exhibit 121 Sich Depo Transctipt, # 16 Exhibit 124 – Martinez Depo Transctipt, # 17 Exhibit 125 – Eberharter Depo Transctipt, # 18 Exhibit 126 – Mitchell Trial Transcript, # 19 Exhibit 129 – Redfearn Depo Transctipt, # 20 Exhibit 130 – Eberharter Depo Transctipt, # 21 Exhibit 131 – Arnold Depo Transctipt, # 22 Exhibit 132 – Park Curfew Arrest Data, # 23 Exhibit 134 – Eberharter Depo Transctipt, # 24 Exhibit 135 – Grothe Depo Transctipt)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | 121 | Exhibits in Support of 116 Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # 1 Exhibit 136 – Mitchell Trial Testimony, # 2 Exhibit 138 – Pazen Deposition Transcript, # 3 Exhibit 139 – Martinez Deposition Transcript, # 4 Exhibit 140 – Phelan Deposition Transcript, # 5 Exhibit 141 – Knutson Deposition Transcript, # 6 Exhibit 142 – Phelan Deposition Transcript, # 7 Exhibit 143 – Porter Deposition Transcript, # 8 Exhibit 144 – Pine Deposition Transcript, # 9 Exhibit 145 – Phelan Deposition Transcript, # 10 Exhibit 146 – Levens Deposition Transcript)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | 122 | Exhibits in Support of 116 Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # 1 Exhibit 148 – OIM Report, # 2 Exhibit 149 – OIM Report)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | 123 | Exhibits in Support of 116 Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # 1 Exhibit 150 – DPD emails, # 2 Exhibit 151 – Pazen Deposition Transcript, # 3 Exhibit 152 – Martinez Deposition Transcript, # 4 |

| | | |
|---|---|---|
| | | Exhibit 153 – Carroll Deposition Transcript, # <u>5</u> Exhibit 154 – Phelan Deposition Transcript, # <u>6</u> Exhibit 155 – Thomas Deposition Transcript, # <u>7</u> Exhibit 156 – Abeyta Deposition Transcript, # <u>8</u> Exhibit 158 – Williams Deposition Transcript, # <u>9</u> Exhibit 159 – Mitchell Trial Testimony, # <u>10</u> Exhibit 160 – Thomas Deposition Transcript, # <u>11</u> Exhibit 163 – Levens Deposition Transcript, # <u>12</u> Exhibit 164 – DPD emails, # <u>13</u> Exhibit 165 – Shaker Deposition Transcript, # <u>14</u> Exhibit 167 – Phelan Trial Testimony, # <u>15</u> Exhibit 168 – O'Donnell Deposition Transcript, # <u>16</u> Exhibit 170 – Levens Deposition Transcript)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>124</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 172 – Redfearn Deposition Transcript, # <u>2</u> Exhibit 173 – Knutson Deposition Transcript, # <u>3</u> Envelope 174 – Phelan Deposition Transcript, # <u>4</u> Exhibit 206 – Dominick Deposition Transcript, # <u>5</u> Exhibit 214 – Photo of Dominick, # <u>6</u> Exhibit 215 – Photo of Dominick, # <u>7</u> Exhibit 216 – Dominick Discovery Responses, # <u>8</u> Exhibit 220 – Photo of Rios, # <u>9</u> Exhibit 221 – Rios Deposition Transcript, # <u>10</u> Exhibit 222 – Rios Discovery Responses, # <u>11</u> Exhibit 223 – Photo of Hickman, # <u>12</u> Exhibit 224 – Photo of Hickman, # <u>13</u> Exhibit 225 – Photo of Hickman, # <u>14</u> Exhibit 226 – Photo of Hickman, # <u>15</u> Exhibit 227 – Hickman Deposition Transcript, # <u>16</u> Exhibit 229 – Sayers Discovery Responses)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>125</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 230 – Klotzer Deposition Transcript, # <u>2</u> Exhibit 231 – Arnold Deposition Transcript, # <u>3</u> Exhibit 232 – Schwab Deposition Transcript, # <u>4</u> Exhibit 234 – Photo, # <u>5</u> Exhibit 235 – FriedmanDeposition Transcript, # <u>6</u> Exhibit 236 – Friedman Discovery Responses, # <u>7</u> Exhibit 239 – McKillips Deposition Transcript, # <u>8</u> Exhibit 240 – McKillips Discovery responses, # <u>9</u> Exhibit 241 – McKillips Deposition Transcript, # <u>10</u> Exhibit 242 – Kehoe Deposition Transcript, # <u>11</u> Exhibit 245 – Bentch Deposition Transcript, # <u>12</u> Exhibit 248 – Bentch Deposition Transcript, # <u>13</u> Exhibit 249 – Bentch Discovery Responses, # <u>14</u> Exhibit 250 – Koo Deposition Transcript, # <u>15</u> Exhibit 251 – Koo Discover Responses, # <u>16</u> Exhibit 252 – Koo text messages, # <u>17</u> Exhibit 253 – Bentch Deposition Transcript, # <u>18</u> Exhibit 254 – Usborne Deposition Transcript, # <u>19</u> Exhibit 261 – Klotzer Deposition Transcript, # <u>20</u> Exhibit 262 – Szuszwalak Deposition Transcript)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>126</u> | Exhibits in Support of <u>116</u> Response to Motion, by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # <u>1</u> Exhibit 263 – Szuszwalak Discovery Responses, # <u>2</u> Exhibit 264 – Photo, # <u>3</u> Exhibit 268 – Cunningham Deposition Transcript, # <u>4</u> Exhibit 269 – Knutson Deposition Transcript, # <u>5</u> Exhibit 270 – OIM Report, # <u>6</u> Exhibit 271 – Parsons Deposition Transcript, # <u>7</u> Exhibit 272 – Martinez Deposition Transcript, # <u>8</u> Exhibit 273 – Mitchell Trial Tetimony, # <u>9</u> Exhibit 275 – Grothe Deposition Transcript, # <u>10</u> Exhibit 277 – Carroll Deposition Transcript, # <u>11</u> Exhibit 279 – Carroll Deposition Transcript, # <u>12</u> Exhibit 280 – Archer Deposition Transcript, # <u>13</u> Exhibit 283 – Knutson Deposition Transcript, # <u>14</u> Exhibit 298 – Abeyta Deposition Transcript, # <u>15</u> Exhibit 299 – Pine Deposition Transcript, # <u>16</u> |

| | | |
|---|---|---|
| | | Exhibit 301 – Eberharter Deposition Transcript, # <u>17</u> Exhibit 302 – Porter Deposition Transcript, # <u>18</u> Exhibit 303 – Williams Deposition Transcript, # <u>19</u> Exhibit 304 – Beall Deposition Transcript, # <u>20</u> Exhibit 307 – Levens Deposition Transcript, # <u>21</u> Exhibit 308 – Pazen Deposition Transcript)(Schwab, Edward) (Entered: 02/04/2025) |
| 02/04/2025 | <u>127</u> | Exhibit List to Plaintiffs' Opposition to Defendants City and County of Denver and Patrick Phelan's Motion for Summary Judgment by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch.. (Attachments: # <u>1</u> Exhibit 11 – Coppedge OIM Memo, # <u>2</u> Exhibit 17 – Officer Injury Report, # <u>3</u> Exhibit 21 – Coppedge OIM Memo, # <u>4</u> Exhibit 25 – Knutson OIM Memo, # <u>5</u> Exhibit 39 – Crufew Texts, # <u>6</u> Exhibit 103 – DPD Crowd Management Manual, # <u>7</u> Exhibit 106 – Sich OIM Memo, # <u>8</u> Exhibit 107 – Knutson OIM Memo, # <u>9</u> Exhibit 128 – O'Donnell Interview Memo, # <u>10</u> Exhibit 133 – Coppedge OIM Memo, # <u>11</u> Exhibit 137 – Knuton Interview Memo, # <u>12</u> Exhibit 171 – O'Donnell OIM Memo, # <u>13</u> Exhibit 278 – Wycoff OIM Memo, # <u>14</u> Exhibit 281 – Chavez OIM Memo, # <u>15</u> Exhibit 282 – Lovato OIM Memo, # <u>16</u> Exhibit 300 – Stadler OIM Memo)(Schwab, Edward) Modified on 2/19/2025 to unrestrict entry pursuant to 136 Order (angar, ). (Entered: 02/04/2025) |
| 02/07/2025 | 130 | Conventionally Submitted Material : Flash Drive to <u>116</u> Response to Motion, <u>116</u> by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch – Material placed in the oversized area A–2–9 of the Clerk's Office. Text Only Entry (angar, ) (Entered: 02/10/2025) |
| 02/10/2025 | 128 | ORDER On February 4, 2025, Plaintiffs filed <u>*127* Exhibit List to Plaintiffs' Opposition to Defendants City and County of Denver and Patrick Phelan's Motion for Summary Judgment</u> and attached exhibits under restriction. The document was not accompanied by a motion to restrict, and no motion to restrict has been filed since. The Local Rules provide that "[i]f a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection." D.C.COLO.LCivR 7.2(e). It is ORDERED that an appropriate motion to restrict be filed no later than February 18, 2025. By Judge S. Kato Crews on 2/10/2025. Text Only Entry (skcja, ) (Entered: 02/10/2025) |
| 02/10/2025 | <u>129</u> | RESPONSE to <u>114</u> MOTION for Partial Summary Judgment filed by Defendants City of Denver, Patrick Phelan. (Attachments: # <u>1</u> Exhibit Defendants' Response to Plaintiffs' SUMF Chart, # <u>2</u> Exhibit A – Epps Trial Transcript, # <u>3</u> Exhibit B – Epps Scheduling Order, # <u>4</u> Exhibit C – Epps Jury Instructions, # <u>5</u> Exhibit D – Epps Jury Verdict Form)(McCaffrey, Kevin) (Entered: 02/10/2025) |
| 02/13/2025 | <u>131</u> | MOTION for Extension of Time to File Response/Reply as to <u>113</u> MOTION for Summary Judgment by Defendants City of Denver, Patrick Phelan. (McCaffrey, Kevin) (Entered: 02/13/2025) |
| 02/13/2025 | 132 | ORDER re <u>131</u> Defendants' Motion for Extension of Time to File Replies: Defendants are granted an extension of up to and including 2/21/2025 to file a reply in support of their <u>113</u> Motion for Summary Judgment. The Court notes Plaintiffs' opposition to the request of an additional five pages. However, the Court finds good cause to grant Defendants' request and they afforded an additional five pages for their |

| | | |
|---|---|---|
| | | reply. By Judge S. Kato Crews on 2/13/2025. Text Only Entry(skcja, ) (Entered: 02/13/2025) |
| 02/14/2025 | 133 | Unopposed MOTION for Extension of Time to File Response/Reply as to 114 MOTION for Partial Summary Judgment by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Schwab, Edward) (Entered: 02/14/2025) |
| 02/15/2025 | 134 | ORDER granting 133 Unopposed Motion for Extension of Time to File Response/Reply. Plaintiff is granted an extension of up to and including 3/3/2025 to file a reply in support of their 114 Partial Motion for Summary Judgement. By Judge S. Kato Crews on 2/15/2025. Text Only Entry(skcja, ) (Entered: 02/15/2025) |
| 02/18/2025 | 135 | Unopposed MOTION to Unrestrict Document *127* by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Schwab, Edward) (Entered: 02/18/2025) |
| 02/18/2025 | 136 | ORDER granting 135 Unopposed Motion to Unrestrict Document. Based upon agreement from all parties, the Clerk's Office is directed to remove the restriction on ECF doc. 127 . By Judge S. Kato Crews on 2/18/2025. Text Only Entry(skcja, ) (Entered: 02/18/2025) |
| 02/21/2025 | 137 | REPLY to Response to 113 MOTION for Summary Judgment filed by Defendants City of Denver, Patrick Phelan. (Attachments: # 1 Appendix MSJ Reply Chart, # 2 Conventionally Submitted Notice Exhibit L1, # 3 Exhibit A1 – Trial Testimony, # 4 Exhibit B1 – OIM Report, # 5 Exhibit C1 – Screen Shot BBB, # 6 Exhibit D1 – frame x frame screen shot, # 7 Exhibit E1 – Screen shot, # 8 Exhibit F1 – Hickman Deposition Excerpts, # 9 Exhibit G1 – DRMC 39–3, # 10 Exhibit H1 – DRMC 34–16, # 11 Exhibit J1 – O'Donnell Dep, # 12 Exhibit Screen Shot, # 13 Exhibit M1 – frame by frame, # 14 Exhibit N1 – Screen Shot, # 15 Exhibit O1 – frame by frame, # 16 Exhibit P1 – Frame by frame, # 17 Exhibit Q1 – frame by frame, # 18 Exhibit R1 – Nicholas trial testimony, # 19 Exhibit S1 – Phelan Trial Testimony, # 20 Exhibit T1 – Phelan Trial Testimony SADF 7)(McCaffrey, Kevin) (Entered: 02/21/2025) |
| 02/24/2025 | 138 | Conventionally Submitted Material: One (1) Flash Drive to 137 Reply to Response to 113 Motion. Located in Clerk's Office Box A–2–9. (Text Only Entry) (ggill, ) (Entered: 02/24/2025) |
| 02/28/2025 | 139 | Unopposed MOTION for Extension of Time to by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Schwab, Edward) (Entered: 02/28/2025) |
| 02/28/2025 | 140 | ORDER granting 139 Motion for Extension of Time to File. For good cause, Plaintiff is granted an extension of up to and including 3/10/2025 to file a reply to Defendants' response to the Motion for Summary Judgment. By Judge S. Kato Crews on 2/28/2025. Text Only Entry(skcja, ) (Entered: 02/28/2025) |
| 03/10/2025 | 141 | REPLY to Response to 114 MOTION for Partial Summary Judgment filed by Plaintiffs Patricia Koo, Isis Usborne, Kristen Klotzer, Joe Szuszwalak, Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sellers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch. (Attachments: # 1 |

| | | Continuation of Main Document MSJ Chart, # 2 Exhibit 1 – Schedule of Epps Testimony Day 12, # 3 Exhibit 2 – Schedule of Epps Testimony Day 8)(Schwab, Edward) (Entered: 03/10/2025) |
|---|---|---|
| 04/25/2025 | 142 | MOTION to Withdraw as Attorney by Defendants City of Denver, Patrick Phelan. (Pankratz, Craig) (Entered: 04/25/2025) |
| 04/25/2025 | 143 | ORDER granting 142 Motion to Withdraw as Attorney. For good cause, Craig Lee Pankratz is permitted to withdraw as counsel for Defendants the City County of Denver and Patrick Phelan. Electronic notifications will be turned off. By Judge S. Kato Crews on 4/25/2025. Text Only Entry(skcja, ) (Entered: 04/25/2025) |
| 05/23/2025 | 144 | ORDER denying 113 Defendants' Motion for Summary Judgment, and denying 114 Plaintiffs' Motion for Partial Summary Judgment and Determination of Issues of Law re: Issue Preclusion, all as set forth in the attached Order. The Court FURTHER ORDERS that the John and Jane Doe Defendants are hereby DISMISSED from this action. The Court FURTHER ORDERS a Final Pretrial Conference is set for 9/3/2025 at 10:00 AM in Courtroom C201 before Judge S. Kato Crews. The parties are FURTHER ORDERED to file a proposed pretrial order no later than 8/18/2025.<br><br>SO ORDERED by Judge S. Kato Crews on 5/23/2025. (skclc3) (Entered: 05/23/2025) |
| 05/30/2025 | 145 | MOTION to Withdraw as Attorney by Defendant City of Denver. (McCaffrey, Kevin) (Entered: 05/30/2025) |
| 05/30/2025 | 146 | ORDER granting 145 Motion to Withdraw as Counsel filed by Attorney Kevin Patrick McCaffrey. Attorney McCaffrey is TERMINATED as counsel from this matter. The Clerk of Court is ORDERED to remove Attorney McCaffrey from email notifications pertaining to this case.<br><br>SO ORDERED by Judge S. Kato Crews on 5/30/2025. Text Only Entry (skclc3) (Entered: 05/30/2025) |
| 06/17/2025 | 147 | NOTICE of Entry of Appearance by Andres Alers on behalf of City of Denver, Patrick PhelanAttorney Andres Alers added to party City of Denver(pty:dft), Attorney Andres Alers added to party Patrick Phelan(pty:dft) (Alers, Andres) (Entered: 06/17/2025) |
| 06/23/2025 | 148 | NOTICE OF APPEAL as to 144 Order on Motion for Summary Judgment,,, Order on Motion for Partial Summary Judgment,, by Defendants City of Denver, Patrick Phelan (Filing fee $ 605, Receipt Number ACODC–10404992) (Sobczyk, Kevin) (Entered: 06/23/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-01343-SKC-TPO

MARQUIS DOMINICK, *et al.*,

        Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, *et al.*,

        Defendants.

---

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT (DKTS. 113 & 114)

---

The 13 Plaintiffs allege Defendants The City and County of Denver ("Denver"), Patrick Phelan ("Phelan"), and various John and Jane Does ("Does"), violated their First, Fourth, and Fourteenth Amendment constitutional rights during the George Floyd protests in May 2020 because Denver police officers fired rubber bullets, pepper balls, tear gas cannisters, and other non-lethal weapons at them and other peaceful protesters. The Court now considers the parties' cross-motions for summary judgment, which are fully briefed. *See* Dkts. 113 (Defendants' motion), 129 (Plaintiffs' response), and 141 (Defendants' reply); Dkts 114 (Plaintiffs' motion), 129 (Defendants' response), and 141 (Plaintiffs' reply); *see also* party exhibits filed at Dkts. 115, 117-130, and 138.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States. The Court has reviewed the briefing, the evidence, the relevant law, and the entire case file. No hearing is necessary. For the following reasons, Defendants' and Plaintiffs' respective Motions are denied.

## BACKGROUND

The 13 Plaintiffs are Marquis Dominick, Brett Rios, Alex Hickman, Tashari Sayers, Raymond Schwab, Jesse Friedman, Susan McKillips, Ryan Kehoe, Adam Bentch, Patricia Koo, Isis Usborne, Kristen Klotzer, and Joe Szuswalak. They bring the following claims against Defendants:

| CLAIM | PLAINTIFFS | DEFENDANTS |
|---|---|---|
| **First Claim** – 42 U.S.C. § 1983 – Fourth Amendment Violation – Excessive Force | All Plaintiffs | All Defendants |
| **Second Claim** – 42 U.S.C. § 1983 – First Amendment Violation – Freedom of Speech and Assembly | All Plaintiffs except Hickman | All Defendants |
| **Third Claim** – 42 U.S.C. § 1983 – First Amendment Violation – Retaliation | All Plaintiffs except Hickman | All Defendants |
| **Fourth Claim** – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Procedural Due Process | All Plaintiffs except Hickman | All Defendants |

2

| CLAIM | PLAINTIFFS | DEFENDANTS |
|---|---|---|
| **Fifth Claim** – 42 U.S.C. § 1983 – Fourth Amendment Violation – Failure to Train or Supervise | All Plaintiffs | Denver Phelan |
| **Sixth Claim** – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Equal Protection | Hickman | Does |
| **Seventh Claim** – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Equal Protection – Selective Enforcement | Klotzer Sayers | Denver Does |

Defendants' motion seeks summary judgment on all Plaintiffs' claims. Generally, their motion argues: no Denver police officer violated Plaintiffs' constitutional rights because their use of non-lethal weapons does not constitute a seizure under the Fourth Amendment; Plaintiffs were violating a lawfully enacted curfew; and any police action against Plaintiffs was motivated by Denver's interest in enforcing the curfew rather than Plaintiffs' exercise of their First Amendment rights. Denver further contends there are no disputed issues of material fact regarding its municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). And Defendant Phelan further argues he is entitled to qualified immunity.

Plaintiffs' motion, styled as a partial motion, is not exactly a Rule 56 motion. That's because it seeks a determination of law that Denver is subject to issue preclusion concerning its alleged failure to train its officers, based on the jury verdict

3

rendered against Denver in *Epps, et al. v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ (D. Colo.). Dkt. 114, p.1.

"There is no procedural rule providing for a 'motion for determination of law' as such. The motion[ ] could be viewed as [a] motion[ ] for partial summary judgment, or a motion[ ] for a partial declaratory judgment, or a motion[ ] in limine." *Lebsack v. Rios*, No. 16-CV-02356-RBJ, 2017 WL 5444568, at *1 (D. Colo. Nov. 14, 2017); *see also Cole-Layer-Trumble Co. v. Bd. of Cnty. Comm'rs of Cherokee Cnty.*, No. CIV. A. 89-4077-S, 1991 WL 74251, at *3 n.1 (D. Kan. Apr. 11, 1991) ("The court notes that the Federal Rules of Civil Procedure do not provide for a 'motion for determination of questions of law.' The court has seen these motions before, which generally serve as a means of filing a summary judgment motion beyond the deadlines established for dispositive motions."). However, because Plaintiffs timely filed their partial motion by the dispositive motions deadline, and because both parties have treated it as a Rule 56 motion, the Court entertains the partial motion on its merits.

## STANDARD OF REVIEW

### 1. Summary Judgment

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth

4

of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v.*
*Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242,
249 (1986)).

Whether there is a genuine dispute as to a material fact depends on whether
the evidence presents a sufficient disagreement to require submission to a jury, or
conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,*
477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000); *Carey*
*v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it
pertains to an element of a claim or defense; a factual dispute is "genuine" if the
evidence is so contradictory that if the matter went to trial, a reasonable jury could
return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken
as a whole could not lead a rational trier of fact to find for the non-moving party,
there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
*Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391
U.S. 253, 289 (1968)). The court must also consider the undisputed material facts in
the light most favorable to the non-moving party. *Bausman v. Interstate Brands*
*Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001).

### 2. Issue Preclusion

"[I]ssue preclusion bars a party from relitigating an issue once it has suffered
an adverse determination on the issue, even if the issue arises when the party is
pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. v. U.S.*

*Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (citation omitted). It is designed to prevent parties from wasting time and resources and to discourage losing parties from shopping around for a different court. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015). In general, issue preclusion applies when: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party to, or in privity with, a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Park Lake*, 378 F.3d at 1136.

## ANALYSIS

### 1. Defendants' Motion

#### a. Denver's Arguments

Notwithstanding the numerosity of parties to this case, the summary judgment record is absurdly voluminous as concerns Defendants' motion. The parties submitted over 4,000 pages of record materials *in addition* to their each submitting various videos and photographs conventionally for the Court's perusal, all as pertains to Defendants' motion alone. The abundance of record evidence they submitted appears an effort to try this case on the papers, which the Court declines to do. *See Member Servs., Inc. v. Sec. Mut. Life Ins. Co. of New York*, No. 06-CV-1164, 2010 WL 3907489, at *1 (N.D.N.Y. Sept. 30, 2010) ("The parties have submitted thousands of pages of

6

argument, exhibits, and transcripts in an effort to seemingly try their cases on the papers. The Court declines that invitation."). "This Court has gone over the Rule 56 motion with care . . . . There surely appear to be enough potential issues of material fact [buried in the 4,000-plus pages of materials] to indicate that prudence calls for a trial . . . ." *Mussetter v. Lyke*, No. 96 C 7657, 1998 WL 45015, at *1 (N.D. Ill. Jan. 29, 1998).

For example, one of Denver's first arguments seeks summary judgment on Plaintiffs' First Claim (under 42 U.S.C. § 1983), which alleges a violation of Plaintiff Friedman's Fourth Amendment rights based on excessive force, because it claims the undisputed material facts show no constitutional violation occurred. Dkt. 113, pp.5, 6. Denver argues exposure to chemical agents is not a seizure under the Fourth Amendment, citing *Cousik v. Denver. et al.*, 1:22-cv-01213-NYW-KAS, 2024 WL 896755 at *9 (D. Colo. Mar. 1. 2024). Dkt. 113, p.4. And even if a seizure had occurred, the seizure was reasonable under the totality of the circumstances because, Denver implies, Friedman was near "a large group of violent protestors throwing rocks and other projectiles at police." *Id.* at pp.5, 6 (citing, *inter alia*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) (identifying factors to consider when examining the totality of the circumstances)).

What Denver ignores is that, with due respect to the *Cousik* court with whom this Court disagrees, this Court has already previously held in a similar case against Denver that it "can discern no logical reason why the use of chemical agents might

constitute a use of physical force under the law when used on incarcerated persons, but not when used on peaceful protestors in the context alleged here." *Bjelland v. City & Cnty. of Denver*, No. 1:22-cv-01338-SKC-SBP, 2024 WL 4165428, at *4 (D. Colo. Sept. 12, 2024) (citation omitted). This Court went on to conclude that restraining peaceful protestors with chemical agents could constitute a seizure within the meaning of the Fourth Amendment. *Id.* at *7 ("[T]here is evidence that nearly all the Plaintiffs came into physical contact with chemical agents that effectively restrained their freedom of movement and constituted more than a minimal intrusion on their bodily integrity. . . . [T]he Court is satisfied there is sufficient evidence for a reasonable jury to conclude Plaintiffs were seized within the meaning of the Fourth Amendment."). The same conclusion applies here.

And concerning whether the seizure of Friedman was reasonable, Defendants appear to cite only evidence of violence perpetrated by other individuals among the protestors, but not to any specific evidence that Friedman was violent. *See* Dkt. 137-1, p.40, ¶79; p.41, ¶82; p.42, ¶85. Friedman further contends the crowd he was in was peaceful prior to Denver officers' use of force against the crowd. *See* Dkt. 137-1, p.69, ¶26. Taking the evidence in the light most favorable to Plaintiffs, a material factual dispute exists over whether the protests were peaceful or whether Friedman was violent. Other material factual disputes include, if the protests later became violent, when; when did the officers deploy less-than-lethal weapons; who did they deploy those weapons against; etc.

8

In short, Denver is not entitled to summary judgment on Friedman's First Claim. Nor is Denver entitled to summary judgment on the rest of Plaintiffs' claims given the material factual disputes emanating from the paper trial the parties submitted.

> As another judge in this District put it:
>
> In short, this Court is not prepared on the present record to resolve all issues in favor of [Defendant Denver]. * * * It seems to be more and more in vogue these days to try cases on paper. This is not a case that lends itself to that. I want to see live witnesses, assess their credibility, and consider each item of evidence in the context of the whole picture. To do that we are going to have to have an old fashioned trial.

*F.T.C. v. Dalbey*, No. 11-CV-1396-RBJ-KLM, 2013 WL 934986, at *1–2 (D. Colo. Mar. 11, 2013). The Court denies Defendants' motion insofar as it pertains to Denver.

### b. Phelan's Qualified Immunity Argument

Phelan claims qualified immunity arguing Plaintiffs cannot prove any underlying constitutional violation; or that Phelan had supervisory liability for a violation; or that Plaintiffs' rights were "clearly established" at the time of the alleged violations. Qualified immunity shields individual defendants in Section 1983 actions unless their conduct was unreasonable based on clearly established law. *Est. of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted). The Court has discretion to consider these prongs

9

in any order. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011).

Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v.

Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

Prior to the burden shifting to a plaintiff, however, it is the defendant's

obligation to *adequately* present or raise its qualified immunity defense. *Est. of Ward

by & through Stamp v. Pueblo Cnty.*, No. 1:23-cv-00473-CNS-MDB, 2023 WL

4744928, at *8–9 (D. Colo. July 25, 2023) (defendants failed to adequately raise the

defense); *see also Halik v. Darbyshire*, No. 1:20-cv-01643-PAB-KMT, 2021 WL

4305011, at *5 (D. Colo. Sept. 22, 2021) (same). Only after "adequately presenting"

the defense does the burden shift.

> The procedure for analyzing a claim of qualified immunity is as follows.
> First, the defendant must raise the defense of qualified immunity. *Once
> the defendant has adequately raised the defense*, the plaintiff must show
> that the law was clearly established when the alleged violation occurred
> and come forward with facts or allegations sufficient to show that the
> official violated the clearly established law. Then the defendant assumes
> the normal summary judgment burden of establishing that no material
> facts that would defeat his claim for qualified immunity remain in
> dispute.

*Woodward v. City of Worland*, 977 F.2d 1392, 1396–97 (10th Cir. 1992) (citations

omitted) (emphasis added).

The court in *Estate of Ward* found defendants' three-paragraph argument that

merely recited the elements of a qualified immunity claim and with no supporting

argument failed to "adequately present" the defense. *Est. of Ward*, 2023 WL 4744928,

at *8. Similarly, the *Halik* court found "defendants made no attempt to argue *why*

10

qualified immunity applies in this case." *Halik*, 2021 WL 4305011, at *5 (emphasis added).

Phelan's raising of the defense is similarly inadequate. In the 10 total paragraphs that discuss qualified immunity in his motion, six recite the law or legal standards, two are summary or conclusory paragraphs, and only two others address any alleged facts or purported evidence. *See* Dkt. 113, pp.26-31. Aside from a single citation to Defendants' statement of material facts that arguably supports Plaintiffs' position that Phelan directed the use of less than lethal weapons against at least some Plaintiffs (*id.* at p.27), Phelan cites nothing from the over 2,100 pages of evidence he submitted (in addition to his conventionally submitted materials) in support of his raising the qualified immunity defense. *See* Dkt. 113, pp.26-31.

Instead, he merely asserts the defense and argues no evidence exists:

> First, as set forth above, no DPD officer violated Plaintiffs' First, Fourth, or Fourteenth Amendment rights. Because the officers did not violate their rights, Cmdr. Phelan did cause [sic] any constitutional harm, either. [case citation omitted]

> Further, there is no evidence that Cmdr. Phelan acted with the requisite state of mind. Regarding Plaintiffs' Fourth Amendment claims, there is no evidence that Cmdr. Phelan intended to restrain Plaintiffs or otherwise acted unreasonably by deploying less lethal munitions against them. Except for the one incident on May 28, 2020, there is no evidence that Cmdr. Phelan directed the use of less lethal munitions against any Plaintiff. Additionally, there is no evidence that Cmdr. Phelan was personally involved in Rios', Sayers', or Klotzer's arrests, and even if there were, they were arrested for violating a lawful curfew. Regarding Plaintiffs' First Amendment claims, there is no evidence Cmdr. Phelan's actions were substantially motivated by Plaintiffs' speech. Cmdr. Phelan's motivation was to prevent crime, protect lives, and preserve property. And regarding Plaintiffs Sayers

11

and Klotzer's selective enforcement claim, there is no evidence Cmdr. Phelan intended officers to arrest curfew violators for any other reason than that they were violating curfew, and there is no evidence he acted in bad faith based on an improper consideration. Therefore, Plaintiffs cannot prove Cmdr. Phelan violated their rights.

Dkt. 113, pp.28-29. While many of these contentions involve supporting a negative, it is Phelan's obligation to adequately raise the qualified immunity defense; and yet, here on summary judgment, he cites no deposition testimony, declarations, or other evidence to support his contentions. *See Tillmon v Douglas Cnty.*, 817 F. App'x 586, 588 (10th Cir. 2020) (unpublished) (defendants failed to adequately raise defense where "they did so in a single, six-sentence paragraph that discussed the law of qualified immunity and then concluded, *without supporting facts or arguments*, that all defendants were immune . . . ." (emphasis added)); *cf. Nichols v. Hurley*, 921 F.2d 1101, 1117 n.5 (10th Cir. 1990) (Ebel, J., dissenting) ("The plaintiffs' affidavits are as detailed as possible when trying to prove a negative. Surely, they are sufficient to establish a genuine dispute of material fact."); *Brunelle v. Coco's Italian Mkt.*, No. 3:20-CV-00982, 2022 WL 17640235, at *5 (M.D. Tenn. Dec. 13, 2022) ("The plaintiff did not provide or refer to *any* evidence in his Response[.] [H]e essentially complains that it is impossible for him to prove a negative, but he could have submitted a sworn and notarized affidavit or a declaration . . . to support his denials of the defendants' various statements in their [statement of material facts.]"); *Brown v. Warden of Kershaw Corr. Inst.*, No. 807-CV-03059-DCN-BHH, 2008 WL 11471096, at *2 (D.S.C. June 3, 2008) ("[A]lthough it is difficult to prove a negative, plaintiff has not

12

submitted even a sworn affidavit to establish that he did not receive the court's [order].").

"[Phelan's] mention of qualified immunity, without more, does not demonstrate [his] entitlement to it." *Est. of Ward*, 2023 WL 4744928, at *9. And to the extent his arguments regarding supervisory liability rely on Defendants' overall arguments in their motion, the Court has determined above that disputed issues of material fact exist for trial on Plaintiffs' claims. Thus, the Court does not rule on the merits of Phelan's claimed qualified immunity at this time, and Phelan's motion is denied in this regard for failing to adequately raise the qualified immunity defense.[1]

### 2. Plaintiffs' Motion

Plaintiffs argue the jury verdict in *Epps* results in Denver being issue precluded "from relitigating its failure to train its officers with respect to crowd management and on the use of less-lethal weapons and its deliberate indifference to this lack of training . . . ." Dkt. 114, p.1. Among other arguments, Defendants contend the Court cannot find that the issues in *Epps* are identical to the issues here. The Court agrees with Defendants.

Plaintiffs must satisfy all four elements of issue preclusion, which includes that the issues are identical. *See Park Lane*, 378 F.3d at 1136. But the specific issues

---

[1] The denial of the motion is not a ruling on the merits of Phelan's claim of qualified immunity. Nothing herein precludes Phelan from attempting to raise the defense at trial on a Rule 50 motion.

here are not necessarily identical to those presented in *Epps*, at least as far as the Court can discern.

The jury instruction(s) in *Epps* regarding Denver's failure to train instructed that "Plaintiffs must identify specific deficiencies in Denver's training or supervision that relate to the alleged constitutional violations of plaintiffs." Dkt. 114-6, p.22. While Plaintiffs here cite various testimony presented in *Epps* regarding deficiencies in Denver's training or supervision of its officers, they do not (nor can they) identify the specific deficiencies the jury found in reaching its verdict that Denver failed to train or supervise its officers.

For example, the *Epps* jury verdict form was divided into a series of check-boxes for each plaintiff. Dkt. 114-2, *e.g.,* p.6. For the failure to train claim, there were different boxes—one for a plaintiff's First Amendment claim alleging failure to train, and another for their Fourth Amendment claim alleging a similar failure. *Id.* Yet, for one of those plaintiffs, Ashlee Wedgeworth, the jury checked the box for failure to train for her First Amendment claim, but did *not* check the box for her Fourth Amendment failure to train claim. *Id.* Thus, the evidence the jury relied on to conclude a failure to train in one instance, but not the other, is unclear. Because the jury was not asked in *Epps* to make findings identifying the specific training or supervising failures of Denver's officers leading to liability, this Court is unable to find the issues before this Court and the *Epps* Court are identical for issue preclusion

14

purposes. Consequently, at a minimum, Plaintiffs have failed to carry their burden to demonstrate the necessary identity of issues and their motion is denied.

*    *    *

For the reasons shared above, Defendants' Motion for Summary Judgment is DENIED and Plaintiffs' Partial Motion for Summary Judgment is also DENIED.

IT IS FURTHER ORDERED that the John and Jane Doe Defendants are hereby DISMISSED because there is no provision in the Federal Rules of Civil Procedure for naming fictitious or anonymous parties in a lawsuit; further, discovery is closed and Plaintiffs have not moved to amend their complaint to identify these fictitious persons. *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982); *Conyac v. Noonan*, No. 11-CV-02730-PAB-CBS, 2013 WL 4434369, at *4 (D. Colo. Aug. 16, 2013); *see* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption . . . [t]he title of the complaint must name all the parties[.]").

IT IS FURTHER ORDERED a Final Pretrial Conference is set for September 3, 2025, at 10:00 a.m. in Courtroom C201 before U.S. District Judge S. Kato Crews. No later than August 18, 2025, the parties shall file the proposed final pretrial order. A WORD version of the proposed final pretrial order should also be emailed to crews_chambers@cod.uscourts.gov. Parties shall refer to this Court's Standing Order for Civil Cases when preparing the proposed final pretrial order. Parties should be prepared to set a trial date within one to two months out from this conference. Lead counsel who will try the case must be in attendance.

15

DATED: May 23, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01343-SKC-TPO

MARQUIS DOMINICK, BRETT RIOS, ALEX HICKMAN, TASHARI SAYERS,
RAYMOND SCHWAB, JESSE FRIEDMAN, SUSAN MCKILLIPS, RYAN KEHOE,
ADAM BENTCH, PATRICIA KOO, ISIS USBORNE, KRISTEN KLOTZER, and
JOE SZUSWALAK,

       Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, a municipal entity;
PATRICK PHELAN, in his individual capacity;
JOHN & JANE DOES 1-100, in their individual capacities.

       Defendants.

---

## PATRICK PHELAN AND CITY AND COUNTY OF DENVER'S NOTICE OF APPEAL FROM AN APPEALABLE ORDER

---

       Defendants Patrick Phelan and City and County of Denver appeal to the

United States Court of Appeals for the Tenth Circuit from the Order Re: Motions for

Summary Judgment entered on May 23, 2025. Doc. 144.

       Dated June 23rd, 2025.

               Submitted by,

               *s/Kevin Sobczyk*
               Kevin Sobczyk, Assistant City Attorney
               Andres Alers, Assistant City Attorney
               Denver City Attorney's Office
               Civil Litigation Section
               201 W. Colfax Ave., Dep't 1108
               Denver, CO 80202
               Telephone: (720) 913-3100
               Fax: (720) 913-3155

Email: kevin.sobczyk@denvergov.org
Email: andres.alers@denvergov.org
*Attorneys for Defendants City and County of*
*Denver and Patrick Phelan*

**CERTIFICATE OF SERVICE**

I certify that on June 23rd, 2025, **PATRICK PHELAN AND CITY AND COUNTY
OF DENVER'S NOTICE OF APPEAL FROM AN APPEALABLE ORDER** was
filed with the Clerk of the Court using the CM/ECF system, which will serve the
following:

Edward Milo Schwab
Casey Alexa Peel
Ascend Counsel, LLC
2401 South Downing Street
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co
casey@ascendcounsel.co
*Attorneys for Plaintiffs*

<u>s/Nicole Petosa</u>
Denver City Attorney's Office

2